**FILED**
CLERK, U.S. DISTRICT COURT

9/20/17

CENTRAL DISTRICT OF CALIFORNIA
BY: ___ER___ DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>EDWARD CHEN, JEAN CHEN, HOME PARADISE INVESTMENT CENTER LLC, GH INVESTMENT LP, GH DESIGN GROUP, LLC, GOLDEN GALAXY LP, AND MEGA HOME, LLC,<br><br>　　　　Defendants. | Case No.  CV 17-6929 PA (JEMx)<br><br>**TEMPORARY RESTRAINING ORDER, ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT BE GRANTED**<br><br>**(FILED UNDER SEAL)** |

This matter came before the Court upon the *Ex Parte* Application of Plaintiff Securities and Exchange Commission ("SEC") for a Temporary Restraining Order, Order to Show Cause Why a Preliminary Injunction Should Not Be Granted, and Orders (1) Freezing Assets; (2) Appointing a Temporary Receiver; (3) Requiring Accountings; and (4) Granting Expedited Discovery and (5) Prohibiting the Destruction of Documents (the "TRO Application").

The Court, having considered the SEC's Complaint, the TRO Application, the supporting Memorandum of Points and Authorities, the supporting declarations and exhibits, and the other evidence and argument presented to the Court, finds that:

A. This Court has jurisdiction over the parties to, and the subject matter of, this action.

B. The SEC has made a sufficient and proper showing in support of the relief granted herein, as required by Section 20(b) of the Securities Act of 1933 ("Securities Act") (15 U.S.C. s 77t(b)) and Section 21(d) of the Securities Exchange Act of 1934 ("Exchange Act") (15 U.S.C. § 78u(b)) by evidence establishing a *prima facie* case and reasonable likelihood that the Defendants have engaged in, are engaging in, are about to engage in, and will continue to engage in, unless restrained, transactions, acts, practices and courses of business that constitute violations of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), and Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

C. Good cause exists to believe that, unless restrained and enjoined by order of this Court, Defendants will dissipate, conceal, or transfer assets which could be the subject to an order directing disgorgement or the payment of civil money penalties in this action. It is appropriate for the Court to issue this Temporary Restraining Order so that prompt service on appropriate financial institutions can be made, thus preventing the

|   |   |   |
|---|---|---|
| | | dissipation of assets. |
| | D. | Good cause exists to appoint a Temporary Receiver over Home Paradise Investment Center LLC, GH Investment LP, GH Design Group, LLC, Golden Galaxy LP, Mega Home, LLC, and their affiliated entities Four Star Realty Group Inc., Home Paradises LLC, US Grandhood, LLC and First Financial Investment Group, LLC. |
| | E. | Good cause exists to believe that an accounting of assets is necessary. |
| | F. | Good cause exists to believe that, unless restrained and enjoined by order of this Court, Defendants may alter or destroy documents relevant to this action. |

## I.

IT IS HEREBY ORDERED that the SEC's TRO Application is GRANTED.

## II.

IT IS FURTHER ORDERED that Defendants Edward Chen a/k/a Jianqiao Chen, Jian Qiao Chen, and Jian Chen ("Edward Chen"), Jean Chen a/k/a Jing Jian and Jean Jiang ("Jean Chen"), and their associated entities Home Paradise Investment Center LLC, GH Investment LP, GH Design Group, LLC, Golden Galaxy LP, and Mega Home, LLC, (collectively, the "Defendants"), and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:

    A.    employing any device, scheme or artifice to defraud;

    B.    obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which

2

|  |  |
|---|---|
| 1 | they were made, not misleading; or |
| 2 | C. engaging in any transaction, practice, or course of business which |
| 3 | operates or would operate as a fraud or deceit upon the purchaser; |
| 4 | in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a). |

**III.**

IT IS FURTHER ORDERED that Defendants Edward Chen, Jean Chen, and their associated entities Home Paradise Investment Center LLC, GH Investment LP, GH Design Group, LLC, Golden Galaxy LP, and Mega Home, LLC, (collectively, the "Defendants"), and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

A. employing any device, scheme or artifice to defraud; or

B. engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rules 10b-5(a) and (c) thereunder, 17 C.F.R. §§ 240.10b-5(a) & (c).

**IV.**

IT IS FURTHER ORDERED that Defendants Edward Chen, Home Paradise Investment Center LLC, GH Investment LP, and Golden Galaxy LP, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of

3

interstate commerce, or of the mails, or of any facility of any national securities exchange, making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5(b) thereunder, 17 C.F.R. § 240.10b-5(b).

## V.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, Defendants Edward Chen, Jean Chen, and their associated entities Home Paradise Investment Center LLC, GH Investment LP, GH Design Group, LLC, Golden Galaxy LP, and Mega Home, LLC, (collectively, the "Defendants"), their affiliated entities Four Star Realty Group Inc., Home Paradises LLC, US Grandhood, LLC, and First Financial Investment Group, LLC, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert with them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly, transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, any funds, assets, securities, claims or other real or personal property, including any notes or deeds of trust or other interest in real property, wherever located, of any one of the Defendants, or their subsidiaries or affiliates, owned by, controlled by, managed by or in the possession or custody of any of them and from transferring, encumbering dissipating, incurring charges or cash advances on any debit or credit card of the credit arrangement of any one of the Defendants, or their subsidiaries and affiliates.

## VI.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, an immediate freeze shall be placed on all monies and assets (with an allowance for

4

necessary and reasonable living expenses to be granted only upon good cause shown by application to the Court with notice to and an opportunity for the SEC to be heard) in all accounts at any bank, financial institution or brokerage firm, or third-payment payment processor, all certificates of deposit, and other funds or assets, held in the name of, for the benefit of, or over which account authority is held by Defendants Edward Chen and his wife, Jean Chen, and their associated entities Home Paradise Investment Center LLC, GH Investment LP, GH Design Group, LLC, Golden Galaxy LP, and Mega Home, LLC, (collectively, the "Defendants"), and their affiliated entities Four Star Realty Group Inc., Home Paradises LLC, US Grandhood, LLC, and First Financial Investment Group, LLC, including, but not limited to, the bank accounts and parcels of real estate listed below:

| Bank Name | Account Name | Account Number |
|---|---|---|
| Bank of the West | GH Investment LP | XXXX0166 |
| Bank of the West | GH Investment LP | XXXXX8636 |
| Bank of the West | GH Design Group, LLC | XXXX7686 |
| Bank of the West | Four Star Realty Group Inc. | XXX-XX5255 |
| Cathay Bank | Home Paradise Investment Center LLC | XXXXXX1258 |
| Cathay Bank | GH Investment LP | XXXXXX0972 |

| Bank Name | Account Name | Account Number |
|---|---|---|
| Cathay Bank | GH Investment LP | XXXXXX3583 |
| Cathay Bank | GH Design Group, LLC | XXXXXX0669 |
| Cathay Bank | Four Star Realty Group Inc. | XXXXXX0510 |
| Cathay Bank | Golden Galaxy LP | XXXXXX1090 |
| Cathay Bank | Golden Galaxy LP | XXXXXX3230 |
| Cathay Bank | Mega Home, LLC | XXXXXX9208 |
| Cathay Bank | Home Paradises LLC | XXXXXX9178 |
| East West Bank | Four Star Realty Group Inc. | XX-XXXX5912 |
| Royal Business Bank | GH Investment LP | XXXXX0485 |
| Royal Business Bank | GH Investment LP | XXXXX0490 |

Any bank, financial institution or brokerage firm, or third-party payment processor holding such monies and assets described above shall hold and retain within their control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets except as otherwise ordered by this Court:

6

| Parcel Address | Entity Name |
|---|---|
| 125 S. Ashton Drive, Covina, CA 91722 | GH Design Group, LLC |
| 1326 N. Briargate Lane, Covina, CA 91724 | GH Design Group, LLC |
| 1042 Sunkist Avenue, La Puente, CA 91744 | GH Design Group, LLC |
| 1350 E. Louisa Street, West Covina, CA 91790 | GH Design Group, LLC |
| 14507 Piuma Avenue, Norwalk, CA 90650 | GH Design Group, LLC |
| 13434 Ankerton Street, Whittier, CA 90601 | GH Design Group, LLC |
| 15818 Harvest Moon Street, La Puente, CA 91744 | GH Design Group, LLC |
| 12168 Lakeland Road, Norwalk, CA 90650 | GH Design Group, LLC |
| 14524 Harvest Avenue, Norwalk, CA 90650 | First Financial Investment Group, LLC |
| 15177 Hornell Street in Whittier, CA 90604 | First Financial Investment Group, LLC |

7

## VII.

IT IS FURTHER ORDERED that Defendants, within five days of service of this Order, shall prepare and deliver to the SEC a detailed and complete schedule of all of their respective assets, including all real and personal property exceeding $5,000 in value, all cashier's checks purchased from any of the above-listed bank accounts, and all bank, securities, and other accounts identified by institution, branch address and account number. The accounting shall include a description of the sources of all such assets. Such accounting shall be filed with the Court and a copy shall be delivered by email to the SEC to the attention of Donald W. Searles, counsel for the SEC, searlesd@sec.gov. After completion of the accounting, each of the Defendants shall produce to the SEC, at a time agreeable to the SEC, all books, records and other documents supporting or underlying their accounting.

## VIII.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, each of the Defendants Edward Chen, Jean Chen, and their associated entities Home Paradise Investment Center LLC, GH Investment LP, GH Design Group, LLC, Golden Galaxy LP, and Mega Home, LLC, their affiliated entities Four Star Realty Group Inc., Home Paradises LLC, US Grandhood, LLC, and First Financial Investment Group, LLC, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, contracts, emails, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually,

mechanically, electronically, or otherwise), pertaining in any manner to Defendants Edward Chen, Jean Chen, their associated entities Home Paradise Investment Center LLC, GH Investment LP, GH Design Group, LLC, Golden Galaxy LP, and Mega Home, LLC, and their affiliated entities Four Star Realty Group Inc., Home Paradises LLC, US Grandhood, LLC, and First Financial Investment Group, LLC,.

## IX.

IT IS FURTHER ORDERED that Robert Mosier is appointed to serve as temporary receiver for the estates of Home Paradise Investment Center LLC, GH Investment LP, GH Design Group, LLC, Golden Galaxy LP, and Mega Home, LLC, and their affiliated entities Four Star Realty Group Inc., Home Paradises LLC, US Grandhood, LLC, and First Financial Investment Group, LLC, (collectively, the "Receivership Entities") and their subsidiaries and affiliates, with full powers of an equity receiver, including, but not limited to, full power over all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other property belonging to, being managed by or in the possession of or control of the Receivership Entities and their subsidiaries and affiliates and that such receiver is immediately authorized, empowered and directed:

  A. to have access to and to collect and take custody, control, possession, and charge of all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, personal computers, papers and other real or personal property, wherever located, of or managed by Receivership Entities and their subsidiaries and affiliates, with full power to sue, foreclose, marshal, collect, receive, and take into possession all such property (including access to and taking custody, control, and possession of all property of the Receivership Entities property, and that of their subsidiaries and affiliates);

  B. to have control of, and to be added as the sole authorized signatory for, all accounts of the entities in receivership, including all accounts at any bank, title

company, escrow agent, financial institution or brokerage firm (including any futures commission merchant) which has possession, custody or control of any assets or funds of the Receivership Entities and their subsidiaries and affiliates, or which maintains accounts over which the Receivership Entities and their subsidiaries and affiliates, and/or any of its employees or agents have signatory authority;

    C.    to conduct such investigation as may be necessary to locate and account for all of the assets of or managed by the Receivership Entities and their subsidiaries and affiliates;

    D.    to take such action as is necessary and appropriate to preserve and take control of and to prevent the dissipation, concealment, or disposition of any assets of or managed by the Receivership Entities and their subsidiaries and affiliates;

    E.    to make an accounting, as soon as practicable, to this Court and the SEC of the assets and financial condition of the Receivership Entities, and to file the accounting with the Court and deliver copies thereof to all parties;

    F.    to make such payments and disbursements from the funds and assets taken into custody, control, and possession or thereafter received by him or her, and to incur, or authorize the making of, such agreements as may be necessary and advisable in discharging his or her duties as temporary receiver;

    G.    to utilize the SEC to investigate and, where appropriate, to institute, pursue, and prosecute all claims and causes of action of whatever kind and nature which may now or hereafter exist as a result of the activities of present or past employees or agents of the Receivership Entities and their subsidiaries and affiliates; and

    H.    to have access to and monitor all mail, electronic mail, and video phone of the entities in receivership in order to review such mail, electronic mail, and video

phone which he or she deems relates to their business and the discharging of his or her duties as temporary receiver.

### X.

IT IS FURTHER ORDERED that the Receivership Entities and their officers, agents, servants, employees and attorneys, and any other persons who are in custody, possession or control of any assets, collateral, books, personal computers, records, papers or other property of or managed by any of the entities in receivership, shall forthwith give access to and control of such property to the temporary receiver.

### XI.

IT IS FURTHER ORDERED that no officer, agent, servant, employee or attorney of the Receivership Entities shall take any action or purport to take any action, in the name of or on behalf of the Receivership Entities without the written consent of the temporary receiver or order of this Court.

### XII.

IT IS FURTHER ORDERED that, except by leave of this Court, during the pendency of this TRO, all clients, investors, trust beneficiaries, note holders, creditors, claimants, lessors and all other persons or entities seeking relief of any kind, in law or in equity, from the Receivership Entities, or their subsidiaries or affiliates, and all persons acting on behalf of any such investor, trust beneficiary, note holder, creditor, claimant, lessor, consultant group or other person, including sheriffs, marshals, servants, agents, employees and attorneys, are hereby restrained and enjoined from, directly or indirectly, with respect to these persons and entities:

    A.    commencing, prosecuting, continuing or enforcing any suit or proceeding (other than the present action by the SEC or any other action by the government) against any of them;

    B.    using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with or creating or

enforcing a lien upon any property or property interests owned by or in the possession of the Receivership Entities; and

   C.  doing any act or thing whatsoever to interfere with taking control, possession or management by the temporary receiver appointed hereunder of the property and assets owned, controlled or managed by or in the possession of the Receivership Entities, or in any way to interfere with or harass the temporary receiver or his or her attorneys, accountants, employees, or agents or to interfere in any manner with the discharge of the temporary receiver's duties and responsibilities hereunder.

## XIII.

IT IS FURTHER ORDERED that the Receivership Entities, and their subsidiaries, affiliates, officers, agents, servants, employees, and attorneys, shall cooperate with and assist the temporary receiver and shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the temporary receiver or his or her accountants, employees or agents, in the conduct of the temporary receiver's duties or to interfere in any manner, directly or indirectly, with the custody, possession, management, or control by the temporary receiver of the funds, assets, collateral, premises, and choses in action described above.

## XIV.

IT IS FURTHER ORDERED that the Receivership Entities and their subsidiaries and affiliates, shall pay the reasonable costs, fees and expenses of the temporary receiver incurred in connection with the performance of his or her duties described in this Order, including the reasonable costs and expenses of those persons who may be engaged or employed by the temporary receiver to assist him or her in carrying out his or her duties and obligations.  All applications for costs, fees, and expenses for services rendered in connection with the receivership other than routine and necessary business expenses in conducting the receivership, such as salaries, rent, and any and all other reasonable operating expenses, shall be made by application

setting forth in reasonable detail the nature of the services and shall be heard by the Court.

### XV.

IT IS FURTHER ORDERED that no bond shall be required in connection with the appointment of the temporary receiver. Except for an act of gross negligence, the temporary receiver shall not be liable for any loss or damage incurred by any of the defendants, their officers, agents, servants, employees and attorneys or any other person, by reason of any act performed or omitted to be performed by the temporary receiver in connection with the discharge of his or her duties and responsibilities.

### XVI.

IT IS FURTHER ORDERED that representatives of the SEC and any other government agency are authorized to have continuing access to inspect or copy any or all of the corporate books and records and other documents of the Receivership Entities and continuing access to inspect their funds, property, assets and collateral, wherever located.

### XVII.

(A) All written responses to the SEC's requests for discovery under the Federal Rules of Civil Procedure shall be delivered by email and overnight courier to the SEC to the attention of Donald W. Searles, U.S. Securities and Exchange Commission, 444 S. Flower Street, Suite 900, Los Angeles, CA 90071, searlesd@sec.gov, or such other place and person as counsel for the SEC may direct in writing.

### XIX.

IT IS FURTHER ORDERED that this Temporary Restraining Order shall expire at 5:00 p.m. on October 4, 2017 unless for good cause shown it is extended or the parties against whom it is directed consent that it may be extended for a longer period.

## XX.

IT IS FURTHER ORDERED that at 1:30 p.m. on October 4, 2017, or as soon thereafter as the parties may be heard, the Defendants, and each of them, shall appear before the Honorable Percy Anderson, Judge of the United States District Court for the Central District of California, to show cause, if there be any, why a preliminary injunction should not be granted. Any declarations, affidavits, points and authorities, or other submissions in support of, or in opposition to, the issuance of such an Order shall be filed with the Court and served by email and delivered to Donald W. Searles, counsel for the SEC (at the SEC's Los Angeles office, 444 South Flower St., Suite 900, Los Angeles, CA 90071), searlesd@sec.gov, no later than 4:00 p.m., on September 29, 2016. Any reply papers shall be filed with the Court and delivered to opposing counsel no later than 5:00 p.m., on October 2, 2017.

## XXI.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

IT IS SO ORDERED.

Dated: September 20, 2017

Percy Anderson
UNITED STATES DISTRICT JUDGE

Presented by:

/s/ *Donald W. Searles*
Donald W. Searles
Attorney for Plaintiff
Securities and Exchange Commission

14