# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>vs.<br><br>EDWARD CHEN, JEAN CHEN, HOME PARADISE INVESTMENT CENTER LLC, GH INVESTMENT LP, GH DESIGN GROUP, LLC, GOLDEN GALAXY LP, AND MEGA HOME, LLC,<br><br>    Defendants. | Case No. 2:17-cv-06929-PA-JEM<br><br>**ORDER RE:**<br>**(1) ENTRY OF PARTIAL PRELIMINARY INJUNCTION;**<br>**(2) TO CONTINUE HEARING RE ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT BE GRANTED; AND**<br>**(3) PERMIT THE RECEIVER TO ENGAGE EB-5 COUNSEL PENDING HEARING ON THE PRELIMINARY INJUNCTION** |

This matter is before the Court on Consent and Stipulation of Edward and Jean Chen to Entry of Preliminary Injunction and Orders: (1) Empowering the Receiver to Employ Immigration Counsel; (2) Vacating the Hearing on the Order to Show Cause Why a Preliminary Injunction Should Not Be Granted; and (3) Ordering a Hearing on November 22, 2017 to Determine Whether a Permanent Receiver Should Be Appointed.

The Court, having previously issued a Temporary Restraining Order and Orders: (1) Freezing Assets; (2) Appointing a Temporary Receiver; (3) Requiring Accountings; and (4) Prohibiting the Destruction of Documents; and Order To Show Cause Re Preliminary Injunction on September 20, 2017 ("TRO"); and having considered the SEC's Complaint, the TRO Application, the supporting Memorandum of Points and Authorities, the supporting declarations and exhibits, the other evidence and argument presented to the Court, as well as the Consents and Stipulations, finds that:

    A.    This Court has jurisdiction over the parties to, and the subject matter of, this action.

    B.    Edward and Jean Chen have consented to the entry of a preliminary injunction on the terms below.

**Preliminary Injunction Enjoining Future Violations of the Securities Laws**

IT IS HEREBY ORDERED pending trial on the action that Defendants Edward Chen a/k/a Jianqiao Chen, Jian Qiao Chen, and Jian Chen ("Edward Chen"), Jean Chen a/k/a Jing Jian and Jean Jiang ("Jean Chen"), and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:

    A.    employing any device, scheme or artifice to defraud;

    B.    obtaining money or property by means of any untrue statement of a

1

material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

C. engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser; in violation of Section 17(a)(1)(2) & (3) of the Securities Act, 15 U.S.C. § 77q(a)(1) (2) & (3).

IT IS FURTHER ORDERED that pending trial on this action Defendants Edward Chen, Jean Chen, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

A. employing any device, scheme or artifice to defraud; or

B. engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rules 10b-5(a) and (c) thereunder, 17 C.F.R. §§ 240.10b-5(a) & (c).

IT IS FURTHER ORDERED that Edward Chen and his officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, making any untrue statement of a material fact or omitting to state a material fact necessary in order to

make the statements made, in the light of the circumstances under which they were made, not misleading; in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5(b) thereunder, 17 C.F.R. § 240.10b-5(b).

**Continued Hearing and Extension of Remaining Provisions of TRO**

IT IS FURTHER ORDERED that the Temporary Restraining Order and Orders: (1) Freezing Assets; (2) Appointing a Temporary Receiver; (3) Requiring Accountings and (4) Prohibiting the Destruction of Documents shall be extended to 5:00 p.m. on November 22, 2017, or to such date when the hearing on such matters is actually held;

That any declarations, affidavits, points and authorities or other submissions in support of, or opposition to the issuance of an order continuing the aforementioned provisions of the Temporary Restraining Order shall be filed with the Court and electronically served on opposing counsel by the Court's CM/ECF system no later than 5:00 p.m. on November 13, 2017. Any reply papers shall be filed with the Court and electronically served on opposing counsel by the Court's CM/ECF system no later than 5:00 p.m. on November 16, 2017.

IT IS FURTHER ORDERED that the Receiver's request to engage EB-5 counsel is denied because of the failure to comply with the Court's October 4, 2017 Order. [Docket No. 20]

IT IS FURTHER ORDERED that the Receiver or his designated agent may sign checks or wire instructions for the Receivership estate for times when the Receiver is unavailable.

**IT IS SO ORDERED**.

DATED: October 16, 2017

HONORABLE PERCY ANDERSON
UNITED STATES DISTRICT JUDGE