Robert P. Mosier
Craig M. Collins, CPA
Ryan Baker, Financial Analyst
MOSIER & COMPANY, INC.
3151 Airway Avenue, Suite A-1
Costa Mesa, California    92626
Telephone:     (714) 432-0800
Facsimile:      (714) 432-7329
E-Mail:   Rmosier@Mosierco.com

Court Appointed Receiver and Monitor ("Fiduciary")

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>EDWARD CHEN, JEAN CHEN, HOME PARADISE INVESTMENT CENTER, LLC, GH INVESTMENT LP, GH DESIGN GROUP, LLC, GOLDEN GALAXY, LP AND MEGA HOME, LLC,<br><br>Defendants. | Case No: CV 17-6929 PA (JEMx) Assigned for all purposes to the Honorable Percy Anderson<br><br>**SUMMARY OF FINDINGS BY THE FORENSIC ACCOUNTANTS AND FIDUCIARY'S RECOMMENDATIONS**<br><br>**Date:     N/A**<br>**Time:     N/A**<br>**CTRM:   9A, 350 W. 1st ST. LA** |

The Fiduciary respectfully presents this summary regarding the initial findings of the forensic accountant, RGL Forensics ("RGL"), and its review of cash receipts and disbursements for the period January 2014 through September 2017 related to GH Investment LP ("GHI"), GH Design Group, LLC ("GHD"), Four Star Realty Group, Inc. ("FSR"), an entity owned solely by Mrs. Chen, and US Grandhood, LLC ("US Grandhood"), an entity owned jointly by Mr. and Mrs. Chen.   As the Court may recall, $9.5 million of EB-5

investor funds was invested into GHI, all of which was then loaned to GHD to make use of the investment.    Attached as Exhibit "1" is a copy of RGL's first report (the "First Report") which summarizes findings related to its analysis of GHI's and GHD's cash receipts and disbursements.    Attached as Exhibit "2" is a copy of RGL's second report (the "Second Report") which details the findings related to its review of the cash receipts and disbursements for FSR and US Grandhood.    Below, the Fiduciary summarizes the findings of RGL's two reports.    The following summary is organized into four sections: A) Alleged Fake Inventory Bought and Sold, B) Fake Lease Payments, C) Loan Balance Between GHD and Mega Home, LLC ("Mega Home"), D) Cost of the Forensic Accounting Reports, and E) Recommendations for Future Actions.

## A) ALLEGED FAKE INVENTORY BOUGHT AND SOLD

1.    In its analysis, RGL found that over a 14-month period spanning August 2014 through September 2015, GHD purchased $4 million worth of inventory from FSR[1].    This confirms the amount the Fiduciary had reported in his motion to employ a forensic accountant.    Further, RGL found that these same funds were funneled from FSR to Mega Home (and sometimes from FSR to Jean Chen personally and then to Mega Home) in the form of an equity investment on the same day or just a few days after GHD had paid FSR.[2]    RGL also found GHD had purchased a total of $1,355,753 of inventory from US Grandhood[3] (in one transaction, four days after GHD had purchased $832,700 worth of purported inventory from US Grandhood, US Grandhood lent $833,000 to Mega Home).    In total, GHD paid approximately $5.35 million for alleged fake inventory from FSR and US Grandhood.

---

[1] This amount is referenced in the First Report, the bottom of page 2, in the last section of bullet points.
[2] These findings are discussed on page 2 of the Second Report.
[3] This figure is cited at the top of page 4 of the First Report.

2.   The following additional information makes the authenticity of these inventory purchases dubious.   RGL found there were no significant sales of inventory by GHD on GHD's books—meaning GHD's inventory balance was not reduced by selling inventory to another entity.   Further, the inventory in GHD's Ontario warehouse was found to have a nominal value of less than $100,000 based on a valuation provided by Tranzon—leaving $5.25 million of inventory unaccounted.   The Fiduciary tested the theory whether this inventory could have been used on the fix and flip projects rehabbed by GHD.   However, this is not only unlikely but would have proved to be a losing business proposition.   There were 21 homes purchased and sold by GHD prior to the Fiduciary being appointed.   There were a further 19 homes the Fiduciary inherited that had been purchased but not yet sold by GHD—of these only 6 homes had been renovated.   Therefore, a total of 27 homes were renovated.   Under this scenario, more than an average of $194,000 worth of inventory would have been used to renovate each of the 27 homes.   If this were the case, GHD would have lost on average of $119,000 for every home that it flipped (the 21 homes sold prior to the Fiduciary's appointment were sold on average for $75,000 above the original purchase price, not including any costs associated with renovations).   This does not even include labor costs to install the inventory which would have made the losses even more enormous.

3.   From the forensic accountant's findings, it is apparent that GHD's purchase of fake inventory from FSR and US Grandhood was conceived for the purpose of providing Mr. and Mrs. Chen with funds to invest in Mega Home to the detriment of the GHI investors.   Under these circumstances, the GHI investors should own and be the beneficiary of the FSR investment in Mega Home.   Further, US Grandhood should repay GHI investors

**SUMMARY OF FINDINGS BY FORENSIC ACCOUNTANTS AND FIDUCIARY'S RECOMMENDATIONS**

$1,205,753[4]$— to ensure at least partial repayment, GHI should receive all loan repayments due from Mega Home to US Grandhood ($830,000).

## B) FAKE LEASE PAYMENTS

4.     RGL also details in its First Report that GHD paid approximately $649,842 to FSR for rent on its Ontario warehouse.[5]   The payments were made in average monthly installments of $29,640—matching the amount of the fake lease between GHD and FSR noted by the Fiduciary in his motion to employ a forensic accountant.   The difference between the total real lease payments from FSR to the landlord and the total fake lease payments from GHD to FSR appears to have been $291,370[6].

## C) LOAN BALANCE BETWEEN GHD AND MEGA HOME

5.     In the Stipulation and Order dated February 13, 2018, it was ordered that GHD repay $1.32 million to Mega Home as it was initially believed that GHD had a balance owing to Mega Home.   However, RGL has determined that while GHD did receive $1.15 million from Mega Home, GHD had paid back $1.13 million to Mega Home—leaving a net balance owing of just $20 thousand to Mega Home.[7]   Under the belief GHD owed Mega Home, but before it became known that most of this balance due had already been paid back, the Fiduciary had GHD pay an additional $128,366 to Mega Home.   Therefore, GHD made an overpayment of $108,366, which should be returned.

## D) COST OF THE FORENSIC ACCOUNTING REPORTS

6.     Exhibit "3" presents a summary of the fees for the Forensic Accountants for the work described above.   The Court allowed a total of

---

[4]  Separate from the inventory purchases, GHD had a loan balance due to US Grandhood of $150,000. If no inventory was actually purchased by GHD from US Grandhood, then US Grandhood owes GHD a net amount of $1,205,753 [$1,355,753 - $150,000]).   These figures are discussed by RGL on page 4 of the First Report.
[5]  This amount is referenced in the last block of bullet points near the bottom of page 2 of the First Report.
[6]  RGL found GHD had paid $649,842 to FSR related to the fake lease payments.   Over this period, FSR had paid $358,472 of real rent to the landlord (according to FSR's books) for a difference of $291,370.
[7]  This calculation is made in the middle of page 3 of the First Report.

$65,000.00 to be allocated towards a forensic accounting.  The amount accrued to date for the Forensic Accountants is $41,566.00—65% of the allowed amount.  Accordingly, the Fiduciary intends to pay the fees within ten days of this filing.

### E) RECOMMENDATIONS FOR FUTURE ACTIONS

In light of RGL's forensic accounting analysis, the Fiduciary outlines the following recommendations for future consideration by the Parties and the Court that will become the subject of a future distribution plan:

i.   That FSR's and Jean Chen's equity ownership in Mega Home be reassigned for the benefit of the GHI investors and that the priority be changed to be on par with "Class B" shares—the same priority as the EB-5 investors in the GG-80 project.

ii.  From the proceeds of the sale of GG-80, US Grandhood would repay GHD $1,205,753.  Of this amount, GHD should become the beneficiary of the $830,000 loan Mega Home owes to US Grandhood as RGL demonstrated it was GHD funds used to make the loan.

iii. That FSR repay GHD $291,370—the difference between the fake lease payment GHD paid to FSR and the amount FSR paid to the real landlord – this too would come from GG-80 proceeds.

iv.  That the $1,320,000 originally ordered to be paid from GHD to Mega Home be reduced to $20,000 which would in turn create a credit owing from Mega Home to GHD of $108,366.

Date:  8/29/2018

_____
Robert P. Mosier, Fiduciary

SUMMARY OF FINDINGS BY FORENSIC ACCOUNTANTS AND FIDUCIARY'S RECOMMENDATIONS

## <u>DECLARATION OF ROBERT P. MOSIER</u>

I, Robert P. Mosier, declare and affirm as follows:

1.     I am the duly appointed Fiduciary in this matter and have first-hand knowledge about the following facts except where otherwise noted.   If called upon to testify, I could do so competently.

2.     I have personally reviewed and edited this Summary of Findings by the Forensic Accountants, and Fiduciary's Recommendations ("Summary of Findings") that was prepared by Ryan Baker, Senior Financial Analyst and Project Coordinator.   I believe the content of the Summary of Findings and the description of events to be accurate to the best of my knowledge and belief.

3.     Exhibit "1" is a copy of RGL's First Report which summarizes findings related to the analysis of GHI and GHD's cash receipts and disbursements.

4.     Exhibit "2" is a copy of RGL's Second Report which details the findings related to the review of the cash receipts and disbursements for FSR and US Grandhood.

5.     Exhibit "3" presents a summary of the fees for the Forensic Accountant for the work performed related to its First Report and Second Report.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief. This declaration is executed on the 29th day of August, 2018 in Costa Mesa, California.

_____
Robert P. Mosier,
Court Appointed Fiduciary

# DECLARATION OF RYAN C. BAKER

I, Ryan C. Baker, declare and affirm as follows:

1.    I am the Senior Financial Analyst and Project Manager on the staff of Mosier & Company, Inc.  I have first-hand knowledge about the following facts except where otherwise noted.  If called upon to testify, I could do so competently.

2.    I have personally written this Summary of Findings by the Forensic Accountants and Fiduciary's Recommendations ("Summary of Findings").  I believe the content of the Summary of Findings and the description of events to be accurate to the best of my knowledge and belief.

3.    Exhibit "1" is a copy of RGL's First Report which summarizes findings related to the analysis of GHI and GHD's cash receipts and disbursements.

4.    Exhibit "2" is a copy of RGL's Second Report which details the findings related to the review of the cash receipts and disbursements for FSR and US Grandhood.

5.    Exhibit "3" presents a summary of the fees for the Forensic Accountant for the work performed related to its First Report and Second Report.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief. This declaration is executed on the 29 day of August, 2018 in Costa Mesa, California.

_____
Ryan C. Baker,
Senior Financial Analyst

### DECLARATION OF JEFFREY GEORGE

I, Jeffrey George, declare and affirm as follows:

1.    I am a Director at RGL Forensics, a firm that specializes in forensic accounting and financial investigations.   I am a Certified Public Accountant and have worked more than 10 years in the industry.   I have first-hand knowledge about the following facts except where otherwise noted.   If called upon to testify, I could do so competently.

2.    I oversaw the forensic accounting efforts which involved reviewing the cash receipts and disbursements for four entities (GHI, GHD, FSR and US Grandhood) covering the period January 2014 through September 2017.   The review included analyzing over 4,300 transactions.

3.    I have personally written the First Report included as Exhibit "1" and Second Report included as Exhibit "2" attached to the Fiduciary's summary of findings.   I believe the content of the First Report and Second Report to be accurate to the best of my knowledge and belief.   I have prepared the bill for services presented in Exhibit "3."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief. This declaration is executed on the _29_ day of August, 2018 in Denver, Colorado.

Jeffrey George, CPA
Director, RGL Forensics

EXHIBIT "1"



**Denver Office**
7887 E Belleview Avenue, Suite 1200
Denver, CO 80111-6027
T +1 303 721 8888

June 12, 2018

Jeff George
Director
**O** +1 720 889 4856
**E** jgeorge@rgl.com

Robert Mosier
Mosier & Company, Inc.
3151 Airway Avenue, Suite A-1
Costa Mesa, CA 92626

**RE: GH Design and GH Investments – Report 1**

Dear Mr. Mosier,

This initial report is following our analysis of the financial information for GH Designs and GH Investments. We initialing converted all financial bank records into an electronic useable format. We then utilized the general ledger for each entity as well as the summary of bank accounts you provided us. Using these different sources, we were able to summarize the deposits into the bank accounts as well as all uses of cash including transfers, withdrawals, and any transactions that removed money from the bank accounts of GH design and GH Investments.

For our analysis to determine where money came from or where it was going, we had to rely on multiple sources. If we had copies of checks or deposit slips, this was the ideal support as it listed the source or destination of a transaction. If there was an electronic transfer or wire, the banking description on the bank account statement was used to determine the entity on the other side of the transaction. If the name of the entity was not listed, but the last 4 of the account on the other side of the transaction was, we utilized the summary of bank accounts that you provided us to match up an entity with these transactions. Lastly, for the small amount of transactions that we had no descriptions about the source or destination of a transactions, we utilized the general ledgers of GH Design and GH Investments to see what these transactions were related too.

Once we had the source or destination of transactions, we grouped the transactions into different categories. This report focuses on the transactions related to the following three entities:

⟩ Four Star Realty Group
⟩ Mega Home
⟩ US Grandhood

It is our understanding that GH Design and GH Investment were operating as legitimate businesses and the descriptions in the general ledger are reliable. If the general ledger is not reliable, this implies that GH Design and GH Investment were operating the businesses with the intention of keeping false or inaccurate records. Therefore, with this understanding that these general ledgers are reliable, we have used the descriptions of accounts and transactions within the general ledger to categorize the transactions of the three companies above.

EXHIBIT 1
PAGE 9

**RGL** Forensics

**Four Star Realty**

There were no deposits to any GH Design or GH Investment bank account from Four Star Reality.  There were no expenses or transactions paying Four Star Realty from the GH Investment accounts.  In total, there was $4,659,112 of transactions sending money from GH Design to Four Star Realty.

GH Design utilized two different bank accounts related to Four Star Realty for the period we analyzed.  The first account was with Bank of the West and had an account number of 012-067686.  All transactions to Four Star from this account were in 2014.  In total there were eight transactions totaling $2,243,400 from the GH Design Bank of the West account to Four Star Realty.  These transactions were as follows:

- March 2014 – 1 check made payable to cash and recorded in the general ledger as "Four Star Realty Group Inc" - $26,563
- July – November 2014 – 7 checks made payable to Four Star Realty Group Inc. - $2,216,837
- Total – 8 checks - $2,243,400

The second bank account was used from January 2015 through July 2017.  This was a Cathay Bank account with an account number of 0020330669.  In total there were 36 transactions totaling $2,415,712.  These transactions were as follows:

- 33 Checks Made Payable to Four Star Realty Group Inc. - $1,424,752
- 3 Wire Transfers with a bank description of "Book Wire Transfer FOUR STAR REALTY GROUP INC" - $990,961
- Total – 36 transactions - $2,415,712

These expenses were categorized by GH Design on the general ledger as three different types of transactions:

- Purchase of Inventory – 10 transactions totaling $4,006,672.  These transactions for money sent to Four Star were recorded under the asset account of purchased "Inventory"
- Material Cost – Floor – 1 transaction totaling $2,598 – This transaction for money sent to Four Star was recorded under an expense account for "Material Cost"
- Rent or Lease Expense – 34 transactions totaling $649,842 – These transactions for money sent to Four Star were recorded under an expense account for "Rent or Lease Expense".  It appears the average monthly rent being charged was approximately $29,640[1]
- Total - $4,659,112

---

[1] There was one check where part of it was recorded as Inventory and the balance was recorded as Rent Expense creating more general ledger entries than transactions.

EXHIBIT 1
PAGE 10

**RGL** Forensics

## Mega Home

There were no expenses or deposits involving Mega Home within the GH Investment accounts. All transactions involving Mega Home were to or from the GH Design Cathay bank account 0020330669. You provided us a list of the bank accounts for different entities involved in this case. The three accounts you listed as related to Mega Home were all from Cathay Bank and had the final four digits 6756, 9208, and 7185. Any bank transfers to or from accounts ending in these four digits we have classified as to or from Mega Home.

There were 14 transactions involving Mega Home accounts and GH Design. The general ledger classified these transactions as either "Loan to" or "Loan From Mega Home". There were some incorrect classifications such as sending money to a Mega Home account being classified as "Loan From Mega Home". Though the general ledger might have accounted for it in the wrong account, it did correctly classify it as related to Mega Home and the banking information was able to confirm whether it was a transfer in or transfer out. Table 1.0 below summarizes all transactions involving GH Design and Mega Home:

| Summary of Transactions involving GH Design and Mega Home | | | | | |
|---|---|---|---|---|---|
| GH Design Bank name | Bank Description | Date | Amount | | Balance of Money owed to GH Design from Mega Home |
| Cathay Bank | ' Cash Mgmt Trsfr Dr REF 1531754L FUNDS TRANSFER TO DEP XXXX9208 F | 06/01/2016 | $ (200,000) | $ | 200,000 |
| Cathay Bank | ' Cash Mgmt Trsfr Dr REF 1731825L FUNDS TRANSFER TO DEP XXXX9208 F | 06/21/2016 | (100,000) | | 300,000 |
| Cathay Bank | ' Cash Mgmt Trsfr Dr REF 1901721L FUNDS TRANSFER TO DEP XXXX9208 F | 07/08/2016 | (50,000) | | 350,000 |
| Cathay Bank | ' Cash Mgmt Trsfr Dr REF 1971337L FUNDS TRANSFER TO DEP XXXX6756 F | 07/15/2016 | (20,000) | | 370,000 |
| Cathay Bank | ' Cash Mgmt Trsfr Dr REF 1971336L FUNDS TRANSFER TO DEP XXXX9208 F | 07/15/2016 | (80,000) | | 450,000 |
| Cathay Bank | ' Cash Mgmt Trsfr Dr REF 2081317L FUNDS TRANSFER TO DEP XXXX9208 F | 07/26/2016 | (100,000) | | 550,000 |
| Cathay Bank | ' Cash Mgmt Trsfr Cr REF 2801359L FUNDS TRANSFER FRMDEP XXXX9208 | 10/06/2016 | 550,000 | | - |
| Cathay Bank | ' Cash Mgmt Trsfr Cr REF 0661902L FUNDS TRANSFER FRMDEP XXXX9208 | 03/07/2017 | 500,000 | | (500,000) |
| Cathay Bank | ' Cash Mgmt Trsfr Dr REF 0661906L FUNDS TRANSFER TO DEP XXXX9208 F | 03/07/2017 | (500,000) | | - |
| Cathay Bank | ' Cash Mgmt Trsfr Cr REF 0901907L FUNDS TRANSFER FRMDEP XXXX6756 | 03/31/2017 | 20,000 | | (20,000) |
| Cathay Bank | ' Cash Mgmt Trsfr Cr REF 0971313L FUNDS TRANSFER FRMDEP XXXX6756 | 04/07/2017 | 30,000 | | (50,000) |
| Cathay Bank | ' Cash Mgmt Trsfr Cr REF 0971319L FUNDS TRANSFER FRMDEP XXXX6756 | 04/07/2017 | 30,000 | | (80,000) |
| Cathay Bank | ' Cash Mgmt Trsfr Dr REF 1011806L FUNDS TRANSFER TO DEP XXXX6756 F | 04/11/2017 | (80,000) | | - |
| Cathay Bank | ' Cash Mgmt Trsfr Cr REF 1221201L FUNDS TRANSFER FRMDEP XXXX6756 | 05/02/2017 | 20,000 | | (20,000) |
| Table 1.0 | | | | | |

Overall, GH Design currently owes $20,000 to Mega Home.

## US Grandhood

There were no expenses or deposits involving US Grandhood within the GH Investment accounts. The first transaction from a GH Design account to US Grandhood was from the Bank of the West account ending in 7686. It was a check made out to US Grandhood, LLC on September 19, 2014 for $832,700.13. The remaining 21 transactions involved the GH Design Cathay bank account 0020330669 and were a mixture of checks made out to US Grandhood or bank transfers to or from a US Grandhood account. We used the previously mentioned list you provided with the bank accounts for different entities involved in this case. The two accounts you listed as related to US Grandhood was a Cathay Bank account ending in 1339 and a Bank of the West account ending in 2577. All transfers to or from the GH Design Cathay account involved the US Grandhood account ending in 1339.

EXHIBIT 1
PAGE 11

RGL Forensics

The first 12 transactions to US Grandhood totaled $1,355,753 and were classified on the general ledger as an "Inventory Purchase". These consisted of eight checks made out to US Grandhood and four bank transfers to US Grandhood. The remaining 10 transactions involving US Grandhood consisted of three deposits into the GH Design account and seven transactions transferring money out of the GH Design account. The general ledger classified these transactions as either "Loan to" or "Loan From US Grandhood". There were some incorrect classifications such as sending money to a US Grandhood account being classified as "Loan From US Grandhood". Though the general ledger might have accounted for it in the wrong account, it did correctly classify it as related to US Grandhood and the banking information was able to confirm whether it was a transfer in or transfer out. The transactions categorized as loans are summarized as follows:

- Transfers into GH Design from US Grandhood - $890,000
- Transfers from GH Design to US Grandhood - $740,000
- Net Effect - $150,000 transferred into GH Design from US Grandhood

It is unclear what inventory GH Design was purchasing from US Grandhood or whether these were also loans. If there was no inventory purchased and these were "Loans", then US Grandhood owes GH Design a net amount of $1,205,753. Table 2.0 below summarizes all transactions involving GH Design and US Grandhood:

| Summary of Transactions involving GH Design and US Grandhood | | | | | |
|---|---|---|---|---|---|
| GH Design Bank name | Bank Description | Date | Amount | | Balance of Money owed to GH Design from US Grandhood |
| Bank of The West | Check Payee - U.S. Grandhood LLC | 9/19/2014 | $ (832,700) | $ | 832,700 |
| Cathay Bank | Check Payee - U.S. Grandhood LLC | 7/31/2015 | (60,000) | | 892,700 |
| Cathay Bank | Check Payee - U.S. Grandhood LLC | 9/9/2015 | (31,712) | | 924,412 |
| Cathay Bank | Check Payee - U.S. Grandhood LLC | 10/13/2015 | (10,000) | | 934,412 |
| Cathay Bank | Check Payee - U.S. Grandhood LLC | 11/5/2015 | (259,741) | | 1,194,153 |
| Cathay Bank | Check Payee - U.S. Grandhood LLC | 11/18/2015 | (30,000) | | 1,224,153 |
| Cathay Bank | Check Payee - U.S. Grandhood LLC | 11/25/2015 | (20,000) | | 1,244,153 |
| Cathay Bank | ' Book Wire Transfer U.S. GRANDHOOD LLC | 12/14/2015 | (30,000) | | 1,274,153 |
| Cathay Bank | Check Payee - U.S. Grandhood LLC | 12/23/2015 | (31,600) | | 1,305,753 |
| Cathay Bank | ' Cash Mgmt Trsfr Dr REF 0271318L FUNDS TRANSFER TO DEP XXXX1339 F | 1/27/2016 | (10,000) | | 1,315,753 |
| Cathay Bank | ' Cash Mgmt Trsfr Dr REF 0271228L FUNDS TRANSFER TO DEP XXXX1339 F | 1/27/2016 | (30,000) | | 1,345,753 |
| Cathay Bank | ' Cash Mgmt Trsfr Dr REF 0281222L FUNDS TRANSFER TO DEP XXXX1339 F | 1/28/2016 | (10,000) | | 1,355,753 |
| Cathay Bank | ' Cash Mgmt Trsfr Dr REF 0611338L FUNDS TRANSFER TO DEP XXXX1339 F | 3/1/2016 | (200,000) | | 1,555,753 |
| Cathay Bank | ' Cash Mgmt Trsfr Cr REF 1381305L FUNDS TRANSFER FRMDEP XXXX1339 | 5/17/2016 | 50,000 | | 1,505,753 |
| Cathay Bank | ' Cash Mgmt Trsfr Dr REF 1462003L FUNDS TRANSFER TO DEP XXXX1339 F | 5/25/2016 | (50,000) | | 1,555,753 |
| Cathay Bank | ' Cash Mgmt Trsfr Dr REF 2011439L FUNDS TRANSFER TO DEP XXXX1339 F | 7/19/2016 | (10,000) | | 1,565,753 |
| Cathay Bank | ' Cash Mgmt Trsfr Cr REF 2731648L FUNDS TRANSFER FRMDEP XXXX1339 | 9/29/2016 | 240,000 | | 1,325,753 |
| Cathay Bank | ' Cash Mgmt Trsfr Cr REF 0051606L FUNDS TRANSFER FRMDEP XXXX1339 | 1/5/2017 | 600,000 | | 725,753 |
| Cathay Bank | ' Cash Mgmt Trsfr Dr REF 0891128L FUNDS TRANSFER TO DEP XXXX1339 F | 3/30/2017 | (10,000) | | 735,753 |
| Cathay Bank | ' Cash Mgmt Trsfr Dr REF 1081426L FUNDS TRANSFER TO DEP XXXX1339 F | 4/18/2017 | (100,000) | | 835,753 |
| Cathay Bank | ' Cash Mgmt Trsfr Dr REF 1921132L FUNDS TRANSFER TO DEP XXXX1339 F | 7/11/2017 | (70,000) | | 905,753 |
| Cathay Bank | ' Cash Mgmt Trsfr Dr REF 2221210L FUNDS TRANSFER TO DEP XXXX1339 F | 8/10/2017 | (300,000) | | 1,205,753 |
| Table 2.0 | | | | | |

EXHIBIT 1
PAGE 12

**Conclusion**

The summary of our findings is as follows:

⟩ GH Design paid Four Star $4,659,112 for expenses related primarily to inventory purchases and rent expense.

⟩ GH Design and Mega Home loaned each other money back and forth and the current balance shows GH Design owes Mega Home $20,000.

⟩ GH Design paid US Grandhood $1,355,753 for expenses related to "Inventory" purchases.  Additionally, GH Design and US Grandhood loaned each other money back and forth and the current balance of these loan transactions shows GH Design owes US Grandhood $150,000.  If there was no inventory received, then the net effect is that US Grandhood owes GH Design $1,205,753.

If you have any questions regarding this initial report, please call me at (720) 889-4856 or email me at jgeorge@rgl.com.

Very truly yours,

RGL Forensics

Jeff George
Director, RGL Forensics

EXHIBIT 1
PAGE 13

EXHIBIT "2"



Denver Office
7887 E Belleview Avenue, Suite 1200
Denver, CO 80111-6027
T +1 303 721 8898

July 16, 2018

Jeff George
Director
**O** +1 720 889 4856
**E** jgeorge@rgl.com

Robert Mosier
Mosier & Company, Inc.
3151 Airway Avenue, Suite A-1
Costa Mesa, CA 92626

**RE: GH Design and GH Investments – Report 2**

Dear Mr. Mosier,

This report is following our analysis of the financial information for GH Designs, GH Investments, Four Star Reality, and US Grandhood.  We initialing converted all financial bank records into an electronic useable format.  We then utilized the general ledger for each entity as well as the summary of bank accounts you provided us.  Using these different sources, we were able to summarize the deposits into the bank accounts as well as all uses of cash including transfers, withdrawals, and any transactions that removed money from the bank accounts of these companies.

For our analysis to determine where money came from or where it was going, we had to rely on multiple sources.  If we had copies of checks or deposit slips, this was the ideal support as it listed the source or destination of a transaction.  If there was an electronic transfer or wire, the banking description on the bank account statement was used to determine the entity on the other side of the transaction.  If the name of the entity was not listed, but the last 4 of the account on the other side of the transaction was, we utilized the summary of bank accounts that you provided us to match up an entity with these transactions.  Lastly, for the small amount of transactions that we had no descriptions about the source or destination of a transactions, we utilized the general ledgers of GH Design, GH Investments, Four Star, and US Grandhood to see what these transactions were related too.

For this report, we have focused on analyzing transactions that go through multiple businesses for the same or similar dollar amounts within a short time period.  For our analysis, we focused on the following six entities:

⟩ GH Investment LP
⟩ GH Design Group LLC
⟩ Home Paradises LLC
⟩ Four Star Realty Group
⟩ U.S. Grandhood LLC
⟩ Mega Home LLC

Our main goal was sourcing dollar amounts whose final transaction that we could analyze was a deposit into Mega Home LLC.  We then traced these deposits back and included any transactions that included the above companies for a similar dollar amount during a similar time

EXHIBIT 2
PAGE 14

**RGL** Forensics

period.  For our analysis, we included any transactions that were within 50% of the original transfer and any transfers that were within the same or following month.  For example, if Company A sent $200,000 to Company B on January 1, 2018 and then Company B sent $300,000 to Company C on January 15, 2018, then this would be included in our analysis.  However, if Company A sent $200,000 to Company B and Company B sent $1,000,000 to Company C on the same dates, this would not be included as the variance in amounts makes it too hard to determine if they are related.  Additionally, if our first example of $200,000 and $300,000 happened six months apart, then we would not have included them as the duration of time that had passed made it difficult to conclude the transactions were related.

We focused primarily on transactions that started with GH Design and GH Investments.  We looked at transactions where these companies sent money to either Four Star Realty or U.S. Grandhood and then those companies sent the money to Mega Home.  Additionally, though we have not analyzed Home Paradises financials, we were able to see deposits into Four Star and U.S. Grandhood from Home Paradise where the funds were sent to Mega Home.  We do not know if these originated from GH Design in a similar time period, but we have still included them in our analysis.

Overall, we located 16 sets of transactions totaling approximately $6.67 million that fit our previous description.  The full detail of these transactions are in Exhibit A attached to this report.  Table 1.0 below summarizes the transactions by the entities involved, the total transactions in that category, and the total amount.

| Summary of Transactions for Similar Amounts During a Similar Time Period | | |
|---|---|---|
| Description | Total # of Transactions | Total Amount |
| GH Invest/GH Design ---> Four Star ---> Mega Home | 10 | $   3,995,562 |
| GH Invest/GH Design ---> US Grandhood ---> Mega Home | 1 | 833,000 |
| Home Paradise ---> US Grandhood ---> Mega Home | 1 | 200,000 |
| Home Paradise ---> Four Star ---> Mega Home | 4 | 1,639,560 |
| Total | | $   6,668,122 |
| Table 1.0 | | |

For the total dollar calculation, we only used dollar amounts that flowed through all entities.  For example, if we saw a transfer of $400,000 from Home Paradise to Four Star and then Four Star sent $600,000 to Mega Home, our total dollar amount would only include the $400,000 that went through all three entities.  Similarly, if the amount was higher and we had $800,000 from Home Paradise to Four Star and only $600,000 from Four Star to Mega Home, then only $600,000 would be included in our total as that was the amount that went through all three entities.

In one case there were deposits from GH Design and Home Paradise to Four Star that led to one transfer out to Mega Home.  We have included the total detail of these transactions twice, once under each transaction number it applies to, but highlighted and only counted the relevant amount for that category.  Also, for this transaction, the check from Four Star to Mega Home for $1,000,000 was made out to Jean Jiang.  This was classified as a Mega Home transaction on

EXHIBIT 2
PAGE 15

the Four Star general ledger.  Additionally, you later provided the final piece that shows a check from Jean Jiang to Mega Home about a month later.

The summary of our findings for this report is as follows:

- There were 11 transactions that went from GH Investment and/or GH Design to either Four Star or U.S. Grandhood which then went to Mega Home totaling approximately $4.83 Million.
- There were five transactions that went from Home Paradise to either Four Star or U.S. Grandhood which then went to Mega Home totaling approximately $1.84 Million.
- In total, there were 16 transactions totaling approximately $6.67 million where there were similar dollar amounts being transferred during a similar time period involving the companies we previously mentioned.  The detail of these transactions can be found in Exhibit A to this report.

If you have any questions regarding this initial report, please call me at (720) 889-4856 or email me at jgeorge@rgl.com.

Very truly yours,

RGL Forensics

Jeff George

Jeff George
Director, RGL Forensics

EXHIBIT 2
PAGE 16

# EXHIBIT A

EXHIBIT 2
PAGE 17

**RGL ANALYSIS OF RELATED PARTY TRANSACTIONS  INVOLVING SIMILAR AMOUNTS OVER A SIMILAR PERIOD**

| Company | Transaction Date | Transaction Type | Transaction Description | Check Number | Check Payee | Amount | Deposit/Expense Category 2 | Transaction Number |
|---|---|---|---|---|---|---|---|---|
| **GH Invest/GH Design ---> Four Star ---> Mega Home** | | | | | | | | |
| GH Design Group LLC | 8/1/2014 | Deposit | Deposit | | | $    500,000.00 | GH Investment | 1 |
| GH Investment LP | 8/1/2014 | Expense | | 99001 | GH Design Group LLC | (500,000.00) | GH Design | 1 |
| GH Design Group LLC | 8/5/2014 | Expense | | 1013* | Four Star Realty Group, Inc | (510,440.00) | Four Star | 1 |
| Four Star Realty Group Inc | 8/5/2014 | Deposit | deposit | 1013 | GH Design Group LLC | 510,440.00 | GH Design | 1 |
| Four Star Realty Group Inc | 8/5/2014 | Deposit | deposit | 1211 | Home Paradises LLC | 489,560.00 | Home Paradise | 1 |
| Four Star Realty Group Inc | 8/6/2014 | Expense | 4085 | 4085 | Jeon Jiang | (1,000,000.00) | Mega Home | 1 |
| GH Investment LP | 9/18/2014 | Expense | | 99002 | GH Design Group LLC | (1,500,000.00) | GH Design | 2 |
| GH Design Group LLC | 9/18/2014 | Deposit | Deposit | | | 1,500,000.00 | GH Investment | 2 |
| GH Investment LP | 9/19/2014 | Expense | | 1033 | GH Design Group LLC | (120,000.00) | GH Design | 2 |
| GH Design Group LLC | 9/19/2014 | Deposit | Deposit | | | 120,000.00 | GH Investment | 2 |
| GH Design Group LLC | 9/19/2014 | Expense | | 1031 | Four Star Realty Group Inc | (667,000.00) | Four Star | 2 |
| Four Star Realty Group Inc | 9/19/2014 | Deposit | DEPOSIT | 1031 | GH Design Group LLC | 667,000.00 | GH Design | 2 |
| Four Star Realty Group Inc | 9/23/2014 | Expense | 4098* | 4098 | Mega Home LLC | (800,000.00) | Mega Home | 2 |
| GH Design Group LLC | 10/6/2014 | Expense | | 1035* | Four Star Realty Group Inc | (10,000.00) | Four Star | 3 |
| Four Star Realty Group Inc | 10/6/2014 | Deposit | DEPOSIT | 1035 | GH Design Group LLC | 10,000.00 | GH Design | 3 |
| Four Star Realty Group Inc | 10/23/2014 | Expense | 4113 | 4113 | Mega Home LLC | (10,000.00) | Mega Home | 3 |
| GH Investment LP | 11/4/2014 | Expense | | 99003 | GH Design Group LLC | (1,000,000.00) | GH Design | 4 |
| GH Design Group LLC | 11/4/2014 | Deposit | Deposit | | | 1,000,000.00 | GH Investment | 4 |
| GH Design Group LLC | 11/4/2014 | Deposit | | 1043 | Four Star Realty Group Inc | (1,000,000.00) | Four Star | 4 |
| Four Star Realty Group Inc | 11/4/2014 | Deposit | DEPOSIT | 1043 | GH Design Group LLC | 1,000,000.00 | GH Design | 4 |
| Four Star Realty Group Inc | 11/12/2014 | Expense | 4116* | 4116 | Mega Home LLC | (1,000,000.00) | Mega Home | 4 |
| GH Investment LP | 6/18/2015 | Expense | | 91 | | (500,000.00) | GH Design | 5 |
| GH Design Group LLC | 6/17/2015 | Deposit | ' Remote Deposit | | | 500,000.00 | GH Investment | 5 |
| GH Design Group LLC | 6/26/2015 | Expense | ' Book Wire Transfer FOUR STAR REALTY GROUP INC | | | (500,000.00) | Four Star | 5 |
| Four Star Realty Group Inc | 6/26/2015 | Deposit | Wire Transfer-INGH DESIGN GROUP LLC | | | 500,000.00 | GH Design | 5 |
| Four Star Realty Group Inc | 6/29/2015 | Expense | Temporary Check | | Mega Home LLC | (500,000.00) | Mega Home | 5 |
| GH Investment LP | 7/13/2015 | Expense | | 1021 | | (500,000.00) | GH Design | 6 |
| GH Design Group LLC | 7/10/2015 | Deposit | ' Remote Deposit | | | 500,000.00 | GH Investment | 6 |
| Four Star Realty Group Inc | 7/14/2015 | Deposit | Remote Deposit | 1058 | GH Design Group LLC | 50,000.00 | GH Design | 6 |
| Four Star Realty Group Inc | 7/14/2015 | Deposit | Remote Deposit | 1053 | GH Design Group LLC | 489,121.95 | GH Design | 6 |
| Four Star Realty Group Inc | 7/15/2015 | Expense | Domestic Wire OutMEGA HOME LLC | | | (600,000.00) | Mega Home | 6 |
| GH Investment LP | 7/21/2015 | Expense | | 1022 | | (500,000.00) | GH Design | 7 |
| GH Design Group LLC | 7/20/2015 | Deposit | ' Remote Deposit | | | 500,000.00 | GH Investment | 7 |
| Four Star Realty Group Inc | 7/22/2015 | Deposit | Wire Transfer-INGH DESIGN GROUP LLC | | | 400,828.06 | GH Design | 7 |
| Four Star Realty Group Inc | 7/22/2015 | Expense | Domestic Wire OutMEGA HOME LLC | | | (400,000.00) | Mega Home | 7 |
| | | | | | | | | 8 |
| GH Design Group LLC | 9/28/2015 | Expense | | 1153 * | Four Star Realty Group Inc | (300,131.42) | Four Star | 8 |
| Four Star Realty Group Inc | 9/28/2015 | Deposit | Merchant Dep Capture | 1153 | | 300,131.42 | GH Design | 8 |
| Four Star Realty Group Inc | 9/29/2015 | Expense | 135 | 135 | Mega Home LLC | (300,000.00) | Mega Home | 8 |

The accompanying text is an integral part of this report

EXHIBIT 2 Page 1 of 3
PAGE 18

**RGL ANALYSIS OF RELATED PARTY TRANSACTIONS  INVOLVING SIMILAR AMOUNTS OVER A SIMILAR PERIOD**

| Company | Transaction Date | Transaction Type | Transaction Description | Check Number | Check Payee | Amount | Deposit/Expense Category 2 | Transaction Number |
|---|---|---|---|---|---|---|---|---|
| GH Design Group LLC | 11/23/2015 | Expense | | 1226 | Four Star Realty Group Inc | (49,874.12) | Four Star | 9 |
| Four Star Realty Group Inc | 11/23/2015 | Deposit | Merchant Dep Capture | 1226 | GH Design Group Inc | 49,874.12 | GH Design | 9 |
| Four Star Realty Group Inc | 11/23/2015 | Expense | 139 Skip in check sequence | 139 | Mega Home LLC | (49,000.00) | Mega Home | 9 |
| | | | | | | | | |
| GH Design Group LLC | 12/4/2015 | Expense | | 1245 * | Four Star Reality Group Inc | (20,000.00) | Four Star | 10 |
| Four Star Realty Group Inc | 12/4/2015 | Deposit | Merchant Dep Capture | 1245 | GH Design Group LLC | 20,000.00 | GH Design | 10 |
| Four Star Realty Group Inc | 12/4/2015 | Expense | 140 | 140 | Mega Home LLC | (20,000.00) | Mega Home | 10 |
| | | | | | | | | |
| **GH Invest/GH Design ---> Four Star ---> Mega Home - Total Amount to Mega Home** | | | | | | (3,995,561.95) | | |
| | | | | | | | | |
| **GH Invest/GH Design ---> US Grandhood ---> Mega Home** | | | | | | | | |
| GH Investment LP | 9/18/2014 | Expense | | 99002 | GH Design Group LLC | (1,500,000.00) | GH Design | 11 |
| GH Design Group LLC | 9/18/2014 | Deposit | Deposit | | | 1,500,000.00 | GH Investment | 11 |
| GH Investment LP | 9/19/2014 | Expense | | 1033 | GH Design Group LLC | (120,000.00) | GH Design | 11 |
| GH Design Group LLC | 9/19/2014 | Deposit | Deposit | | | 120,000.00 | GH Investment | 11 |
| GH Design Group LLC | 9/19/2014 | Expense | | 1030 | U.S. Grandhood LLC | (832,700.13) | US Grandhood | 11 |
| U.S. Grandhood LLC | 9/19/2014 | Deposit | DEPOSIT | | | 832,700.13 | GH Design | 11 |
| U.S. Grandhood LLC | 9/23/2014 | Expense | 1017 | 1017 | Mega Home LLC | (833,000.00) | Mega Home | 11 |
| | | | | | | | | |
| **GH Invest/GH Design ---> US Grandhood ---> Mega Home - Total Amount to Mega Home** | | | | | | (833,000.00) | | |
| | | | | | | | | |
| **Home Paradise ---> US Grandhood ---> Mega Home** | | | | | | | | |
| U.S. Grandhood LLC | 11/10/2016 | Deposit | Wire Transfer-INHOME PARADISE INVESTMENT CENTER LLC | | | 100,000.00 | Home Paradise | 12 |
| U.S. Grandhood LLC | 12/6/2016 | Deposit | Wire Transfer-INHOME PARADISE INVESTMENT CENTER LLC | | | 100,000.00 | Home Paradise | 12 |
| U.S. Grandhood LLC | 12/28/2016 | Expense | Cash Mgmt Trsfr DrREF 3631850L FUNDS TRANSFER TO DEP XXXX9208FROM | | | (280,000.00) | Mega Home | 12 |
| | | | | | | | | |
| **Home Paradise ---> US Grandhood ---> Mega Home - Total Amount to Mega Home** | | | | | | (200,000.00) | | |
| | | | | | | | | |
| **Home Paradise ---> Four Star ---> Mega Home** | | | | | | | | |
| Four Star Realty Group Inc | 5/13/2014 | Deposit | DEPOSIT | 09903 | Home Paradises LLC | 400,000.00 | Home Paradise | 13 |
| Four Star Realty Group Inc | 5/16/2014 | Expense | OUTGOING WIRE REFERENCE # 140516004234 WIRE DEBIT SENDING BANK REFERENCE # NONREF | | | (600,000.00) | Mega Home | 13 |
| | | | | | | | | |
| Four Star Realty Group Inc | 5/28/2014 | Deposit | DEPOSIT | 09904 | Home Paradises LLC | 150,000.00 | Home Paradise | 14 |
| Four Star Realty Group Inc | 5/29/2014 | Expense | 4062* | 4062 | Mega Home LLC | (150,000.00) | Mega Home | 14 |
| | | | | | | | | |
| GH Investment LP | 8/1/2014 | Expense | | 99001 | GH Design Group LLC | (500,000.00) | GH Design | 15 |
| GH Design Group LLC | 8/1/2014 | Deposit | Deposit | | | 500,000.00 | GH Investment | 15 |
| GH Design Group LLC | 8/5/2014 | Expense | | 1013* | Four Star Realty Group, Inc | (510,440.00) | Four Star | 15 |
| Four Star Realty Group Inc | 8/5/2014 | Deposit | deposit | 1013 | GH Design Group LLC | 510,440.00 | GH Design | 15 |
| Four Star Realty Group Inc | 8/5/2014 | Deposit | deposit | 1211 | Home Paradises LLC | 489,560.00 | Home Paradise | 15 |
| Four Star Realty Group Inc | 8/6/2014 | Expense | 4085 | 4085 | Jeon Jiang | (1,000,000.00) | Mega Home | 15 |

The accompanying text is an integral part of this report

**EXHIBIT 2** Page 2 of 3

**PAGE 19**

**RGL ANALYSIS OF RELATED PARTY TRANSACTIONS  INVOLVING SIMILAR AMOUNTS OVER A SIMILAR PERIOD**

| Company | Transaction Date | Transaction Type | Transaction Description | Check Number | Check Payee | Amount | Deposit/Expense Category 2 | Transaction Number |
|---|---|---|---|---|---|---|---|---|
| Four Star Realty Group Inc | 5/18/2015 | Deposit | Deposit TLR 5102 BR 8251 051605102190047 | | | 295,000.00 | Home Paradise | 16 |
| Four Star Realty Group Inc | 6/10/2015 | Deposit | Deposit | 1096 | Home Paradises, LLC | 3,600.00 | Home Paradise | 16 |
| Four Star Realty Group Inc | 6/17/2015 | Deposit | Deposit 000007095654350 | 1152 | Home Paradises LLC | 800.00 | Home Paradise | 16 |
| Four Star Realty Group Inc | 6/17/2015 | Deposit | Deposit 000007095654330 | 1177 | Home Paradises LLC | 495,000.00 | Home Paradise | 16 |
| Four Star Realty Group Inc | 6/29/2015 | Expense | Outgoing Wire FIRST AMERICAN TIT LE COMPANY 000000000002590 | | | (600,000.00) | Mega Home | 16 |

**Home Paradise ---> Four Star ---> Mega Home - Total Amount to Mega Home**          (1,639,560.00)

**Total GH Invest/GH Design ---> Home Paradise/US Grandood/Four Star ---> Mega Home**          $ (6,668,121.95)

The accompanying text is an integral part of this report

**EXHIBIT 2** Page 3 of 3

PAGE 20

EXHIBIT "3"



**Executive Office**
7887 E Belleview Avenue, Suite 1200
Denver, CO 80111-6027

# Invoice

8/2/2018

Robert  Mosier
Mosier & Company Inc
3151 Airway Avenue
Suite A-1
Costa Mesa, CA 92626
USA

| | |
|---|---|
| **Invoice No.** | 1063312472 |
| **Billed Through** | 7/31/2018 |
| **Our File No.** | 10633838 |
| **Client Number** | 138566 |

**REGARDING:**   Securities & Exchange Commission v Edward & Jean Chen et al
**Reference No.**   cv-17-6929 PA

---

Current Professional Services and Expenses (detail follows)          $      41,566.00

**Total now due - Please pay this amount**          $      41,566.00

Please reference this invoice number on your payment:  **1063312472**

For questions relating to this invoice, please call  **303.721.8898**

All amounts are due upon receipt, unless noted otherwise. Please notify us of any disputes within 30 days
of the invoice date.

| **Please mail check payments to:** | **ACH / Domestic wires:** | **International wires:** |
|---|---|---|
| RGL, Inc. | Colorado Business Bank | Colorado Business Bank |
| 7887 East Belleview, Suite 1200 | 821 17th Street | Denver, CO 80202 |
| Denver, CO  80111 | Denver, CO 80202 | SWIFT: CBIZUS55 (USD Only) |
| Fed.ID.:  61-1435323 | Account Name: RGL, Inc | Account Name: RGL, Inc |
| | Account Number: 3445313 | Account Number: 3445313 |
| | ABA/Routing:102003206 | ABA/Routing:102003206 |

EXHIBIT 3
PAGE 21

**RGL** Forensics

| | | | |
|---|---|---|---|
| **Our File No.   10633838** | | **Invoice No.1063312472     Page     2** | |

| | Hours/Qty | Rate | Amount |
|---|---|---|---|
| **Chargeable Time:** | | | |
| Diana Sklenar-Hallberg: | | | |
| 5/8/2018 Initial File Review - Initial File Review | 0.50 | 205.00 | 102.50 |
| Diana Sklenar-Hallberg Total | 0.50 | | 102.50 |
| | | | |
| Tracy Lu: | | | |
| 5/9/2018 FTech - OCR Scanning - Convert bank statements to excel format | 2.60 | 295.00 | 767.00 |
| 5/16/2018 FTech - OCR Scanning - Convert bank statements to excel format | 1.00 | 295.00 | 295.00 |
| 5/17/2018 FTech - OCR Scanning - Continue converting bank statements to excel format | 0.50 | 295.00 | 147.50 |
| Tracy Lu Total | 4.10 | | 1,209.50 |
| | | | |
| Duc Nguyen: | | | |
| 5/8/2018 Telephone Call - Call with Jeff George regarding OCR service needs. | 0.20 | 335.00 | 67.00 |
| Duc Nguyen Total | 0.20 | | 67.00 |
| | | | |
| Jeffrey George: | | | |
| 5/8/2018 Telephone Call - Prepare for and phone call with Receiver | 0.60 | 350.00 | 210.00 |
| 5/9/2018 Document Review & Analysis - Review of Initial Documents received | 2.80 | 350.00 | 980.00 |
| 5/10/2018 Document Review & Analysis - Review of Initial Documents received | 1.90 | 350.00 | 665.00 |
| 5/21/2018 Document Review & Analysis - Analysis of Bank Deposits | 1.20 | 350.00 | 420.00 |
| 5/22/2018 Document Review & Analysis - Analysis of Bank Deposits | 7.00 | 350.00 | 2,450.00 |
| 5/23/2018 Document Review & Analysis - Analysis of GH Design Bank Statments | 4.20 | 350.00 | 1,470.00 |
| 5/30/2018 Document Review & Analysis - Analysis of GH Expenses | 3.50 | 350.00 | 1,225.00 |
| 5/31/2018 Document Review & Analysis - Analysis of GH Design and GH Investment banking information | 4.50 | 350.00 | 1,575.00 |
| 6/1/2018 Document Review & Analysis - Analysis of Bank statements for GH Design | 3.50 | 350.00 | 1,225.00 |
| 6/6/2018 Document Review & Analysis - Analysis of GL Entries for select transactions | 1.50 | 350.00 | 525.00 |
| 6/12/2018 Report Preparation & Review - Drafting of initial report on 4 Star, Mega Home, and US Grandhood | 3.50 | 350.00 | 1,225.00 |
| 6/14/2018 Document Review & Analysis - Analysis of bank statements | 2.40 | 350.00 | 840.00 |
| 6/18/2018 Document Review & Analysis - Analysis of Bank Statements | 0.50 | 350.00 | 175.00 |
| 6/19/2018 Document Review & Analysis - Analysis of US Grandhood and Four Star Bank Statements | 1.00 | 350.00 | 350.00 |
| 6/21/2018 Document Review & Analysis - Analysis of US Grandhood and Four Star Bank Accounts | 5.10 | 350.00 | 1,785.00 |
| 6/22/2018 Document Review & Analysis - Analysis of Four Star Bank Accounts | 3.80 | 350.00 | 1,330.00 |
| 6/25/2018 Document Review & Analysis - Analysis of GL Accounts for US Grandhood | 0.60 | 350.00 | 210.00 |
| 7/13/2018 Document Review & Analysis - Analysis of transfers of money between multiple entities | 3.70 | 350.00 | 1,295.00 |
| 7/16/2018 Document Review & Analysis - Analysis of transfers of money to similar companies and drafting of reports | 3.20 | 350.00 | 1,120.00 |
| Jeffrey George Total | 54.50 | | 19,075.00 |
| | | | |
| Andy Guzman: | | | |
| 5/10/2018 Analyze Asset Attributes - Combining bank statement information documents and manually inserting check payment information to excel spreadsheet. | 7.00 | 290.00 | 2,030.00 |
| 5/11/2018 Analyze Asset Attributes - Manually inserting check payment information into combined bank statement spreadsheet. | 5.00 | 290.00 | 1,450.00 |
| 5/14/2018 Document Review & Analysis - Structure charts creation. | 4.00 | 290.00 | 1,160.00 |
| 5/17/2018 Document Review & Analysis - Updating combined bank statements spreadsheet with new bank statements information. | 4.00 | 290.00 | 1,160.00 |
| 5/21/2018 Document Review & Analysis - Bank Statement Deposit Analysis. | 4.00 | 290.00 | 1,160.00 |

EXHIBIT 10
PAGE 22

RGL Forensics

**Our File No.   10633838**                                                    **Invoice No.1063312472     Page     3**

|  | Hours/Qty | Rate | Amount |
|---|---|---|---|
| 5/22/2018 Document Review & Analysis - Bank Statement Deposit Analysis. | 2.00 | 290.00 | 580.00 |
| 5/23/2018 Document Review & Analysis - Bank Statement Expense Categorization Analysis. | 5.00 | 290.00 | 1,450.00 |
| 5/24/2018 Document Review & Analysis - Bank Statements Expense Analysis | 7.00 | 290.00 | 2,030.00 |
| 6/18/2018 Document Review & Analysis - Completeness check of pdf files converted to excel and began input of payee names for Four Star Realty Group. | 5.00 | 290.00 | 1,450.00 |
| 6/19/2018 Document Review & Analysis - Continued input of payee for Four Star Realty Group and US Grandhood in addition to inputting payor's information from checks provided. | 8.00 | 290.00 | 2,320.00 |
| 6/20/2018 Document Review & Analysis - Continued input of payor's information from checks provided and beginning of transaction categorization. | 8.00 | 290.00 | 2,320.00 |
| 6/21/2018 Document Review & Analysis - Continued transaction categorization, reviewing items under the unknown category, and creating two summary workbooks - one for Four Star Realty Group, Inc. and one for US Grandhood LLC. | 7.00 | 290.00 | 2,030.00 |
| 7/9/2018 Document Review & Analysis - Performed the analysis for GH Investment -> GH Design -> Four Star/Jean Chen -> Mega Home, GH Investment -> GH Design -> US Grandhood -> Mega Home, Home Paradises -> US Grandhood -> Mega Home, Home Paradises -> US Four Star -> Mega | 5.50 | 290.00 | 1,595.00 |
| 7/13/2018 Meeting Attendance - Discuss updated analysis with Jeff George. | 0.30 | 290.00 | 87.00 |
| 7/16/2018 Document Review & Analysis - Discussion with Jeff George and performing a six month scanthrough analysis. | 1.00 | 290.00 | 290.00 |
| Andy Guzman Total | 72.80 | | 21,112.00 |
| Chargeable Time Total | 132.1 | | 41,566.00 |
| **Total Due** | | | **41,566.00** |

EXHIBIT 3
PAGE 23

## PROOF OF SERVICE

I am over the age of 18 years and not a party to this action.  My business address is:

> Mosier & Company, Inc.
> 3151 Airway Avenue, Suite A-1, Costa Mesa CA 92626
> Telephone No. (714) 432-0800; Facsimile No. (714) 432-7329

On August 29, 2018, I caused to be served the documents entitled **SUMMARY OF FINDINGS BY THE FORENSIC ACCOUNTANTS AND FIDUCIARY'S RECOMMENDATIONS** on all the parties to this action addressed as stated on the attached service list:

☐ **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices.  I am readily familiar with this company's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐ **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Costa Mesa, California, with first class postage thereon fully prepaid.

☐ **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Costa Mesa, California, with Express Mail postage paid.

☐ **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒ **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐ **FAX:** By transmitting the document by facsimile transmission.  The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: August 29, 2018

Kristina Godinez