1  DONALD W. SEARLES, (Cal. Bar No. 135705)
   Email: searlesd@sec.gov
2  JUNLING MA (Cal. Bar No.213241)
   Email: maj@sec.gov
3
   Attorneys for Plaintiff
4  Securities and Exchange Commission
   Michele Wein Layne, Regional Director
5  John W. Berry, Associate Regional Director
   Amy Longo, Regional Trial Counsel
6  444 S. Flower Street, Suite 900
   Los Angeles, California 90071
7  Telephone: (323) 965-3998
   Facsimile: (213) 443-1904
8

9

10

11

12

13              **UNITED STATES DISTRICT COURT**

14              **CENTRAL DISTRICT OF CALIFORNIA**

15

16 | SECURITIES AND EXCHANGE | Case No. 2:17-cv-06929-PA-JEM
   | COMMISSION,
17 |                          | **CONSENT OF DEFENDANT**
   |            Plaintiff,     | **EDWARD CHEN**
18 |
   |       vs.
19 |
   | EDWARD CHEN, JEAN CHEN,
20 | HOME PARADISE INVESTMENT
   | CENTER LLC, GH INVESTMENT
21 | LP, GH DESIGN GROUP, LLC,
   | GOLDEN GALAXY LP, AND MEGA
22 | HOME, LLC,
23 |
   |            Defendants.
24

25

26

27

28

1.      Defendant Edward Chen ("Defendant") acknowledges having been served with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.      Without admitting or denying the allegations of the complaint (except as provided in paragraph 12 and except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

     a.     permanently restrains and enjoins Defendant from violations of Section 17(a) of the Securities Act of 1933 ("Securities Act"), [15 U.S.C. § 77q(a)] (the "Securities Act"), and Section 10(b) of the Exchange Act of 1934 ("Exchange Act"), [15 U.S.C. § 78j(b)], and Rule 10b-5thereunder, [17 C.F.R. §§ 240.10b-5];

     b.     permanently restrains and enjoins Defendant from, directly or indirectly, participating in the offer or sale of any security which constitutes an investment in a "commercial enterprise" under the United States Government EB-5 visa program administered by USCIS, including engaging in activities with a broker, dealer, or issuer, or a Regional Center designated by the USCIS, for purposes of issuing, offering, trading, or inducing or attempting to induce the purchase or sale of any such EB-5 investment;

     c.     orders Defendant to pay disgorgement, on a joint and several basis with codefendants Jean Chen, Home Paradise Investment Center, LLC, GH Investment LP, GH Design Group, LLC, Golden Galaxy LP and Mega Home, LLC, in the amount of $24,655,000, plus prejudgment interest thereon, in the amount of $1,173,098, for a total of $25,828,098;

     d.     orders Defendant to pay a civil penalty in the amount of

1    $1,077,500 under Section 20(d) of the Securities Act [15 U.S.C. §

2    77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. §

3    78u(d)(3)].

4        3.    Defendant consents to the creation of a Fair Fund, such that the civil

5    penalties to be paid pursuant to the Final Judgment be added to and become part of

6    the disgorgement fund be distributed pursuant to the Fair Fund provisions of Section

7    308(a) of the Sarbanes-Oxley Act of 2002, for the benefit of the EB-5 investors who

8    invested in the EB-5 projects at issue in this action.  Regardless of whether any such

9    Fair Fund distribution is made, the civil penalty shall be treated as a penalty paid to

10   the government for all purposes, including all tax purposes.  To preserve the

11   deterrent effect of the civil penalty, Defendant agrees that he shall not, after offset or

12   reduction of any award of compensatory damages in any Related Investor Action

13   based on Defendant's payment of disgorgement in this action, argue that he is

14   entitled to, nor shall he further benefit by, offset or reduction of such compensatory

15   damages award by the amount of any part of Defendant's payment of a civil penalty

16   in this action ("Penalty Offset").  If the court in any Related Investor Action grants

17   such a Penalty Offset, Defendant agrees that he shall, within 30 days after entry of a

18   final order granting the Penalty Offset, notify the Commission's counsel in this

19   action and pay the amount of the Penalty Offset to the United States Treasury or to a

20   Fair Fund, as the Commission directs.  Such a payment shall not be deemed an

21   additional civil penalty and shall not be deemed to change the amount of the civil

22   penalty imposed in this action.  For purposes of this paragraph, a "Related Investor

23   Action" means a private damages action brought against Defendant by or on behalf

24   of one or more investors based on substantially the same facts as alleged in the

25   Complaint in this action.

26       4.    Defendant agrees that he shall not seek or accept, directly or indirectly,

27   reimbursement or indemnification from any source, including but not limited to

28   payment made pursuant to any insurance policy, with regard to any civil penalty

amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.  Defendant further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

5.     Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

6.     Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

7.     Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

8.     Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

9.     Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

10.    Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions.  Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

11.    Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding.  Defendant acknowledges

that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability.  Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.  Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations.  Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or associations with a member of, a self-regulatory organization.  This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.  In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

12.     Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations."  As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant:  (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also

stating that Defendant does not deny the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulates for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).  If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket.  Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

13.   Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action.  For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

14.   Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

15.   Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: ___9/6___, 2018

_Edward Chen_

EDWARD  CHEN

On _____, 2018, Edward  Chen, a person known to me,
personally appeared before me and acknowledged executing the foregoing Consent.

_See Attached Certificate_

Notary Public
Commission expires:

6

# California All-Purpose Certificate of Acknowledgment

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

**State of California**

**County of Los Angeles** } s.s

On _September 06, 2018_ before me, Susan K. Malhotra, Notary Public,

personally appeared _EDWARD CHEN_ —————

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_Susan K. Malhotra_
Signature of Notary Public

> SUSAN K. MALHOTRA
> Notary Public - California
> Los Angeles County
> Commission # 2146027
> My Comm. Expires Apr 28, 2020

Seal

---------------------OPTIONAL INFORMATION---------------------

Although the information in this section is not required by law, it could prevent fraudulent removal and reattachment of this acknowledgment to an unauthorized document and may prove useful to persons on the attached document.

**Description of Attached Document**

The preceding Certificate of Acknowledgment is attached to a

document titled/for the purpose of _CONSENT OF DEFENDANT_
_EDWARD CHEN (CASE NO. ) : 17-CV-06929-PA-JEM)_

Containing _7_ pages, and dated _09/06/2018_.

## **PROOF OF SERVICE**

I am over the age of 18 years and not a party to this action.  My business address is:

U.S. SECURITIES AND EXCHANGE COMMISSION,
444 S. Flower Street, Suite 900, Los Angeles, California 90071
Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On November 16, 2018, I caused to be served the document entitled **CONSENT OF DEFENDANT EDWARD CHEN** on all the parties to this action addressed as stated on the attached service list:

☐    **OFFICE MAIL:**  By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices.  I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐    **PERSONAL DEPOSIT IN MAIL:**  By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service.  Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐    **EXPRESS U.S. MAIL:**  Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐    **HAND DELIVERY:**  I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐    **UNITED PARCEL SERVICE:**  By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☐    **ELECTRONIC MAIL:**  By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒    **E-FILING:**  By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐    **FAX:**  By transmitting the document by facsimile transmission.  The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date:  November 16, 2018            */s/ Donald W. Searles*
                                    Donald W. Searles

1

*SEC v. Edward Chen, et al.*
**United States District Court—Central District of California**
**Case No. 2:17-cv-06929-PA-JEM**

## <u>SERVICE LIST</u>

Nicolas Morgan **(served by CM/ECF)**
Thomas Zaccaro **(served by CM/ECF)**
PAUL HASTINGS, LLP
515 South Flower Street, 25th Floor
Los Angeles, CA  90071
Email:  nicolasmorgan@paulhastings.com
Email:  thomaszaccaro@paulhastings.com
*Attorneys for Defendant Jean Chen*


Edward Gartenberg, Esq. **(served by CM/ECF)**
GARTENBERG GELFAND HAYTON, LLP
15260 Ventura Boulevard, Suite 1920
Sherman Oaks, CA 91403
Email: egartenberg@gghslaw.com
*Attorneys for Defendant Edward Chen*


Robert P. Mosier **(served by CM/ECF)**
MOSIER & COMPANY, INC.
3151 Airway Avenue, Suite A-1
Costa Mesa, CA 92626
Email: rmosier@mosierco.com
*Court-Appointed Receiver on behalf of the Entity Defendants*

2