1  DONALD W. SEARLES, (Cal. Bar No. 135705)
   Email: searlesd@sec.gov
2  JUNLING MA (Cal. Bar No.213241)
   Email: maj@sec.gov
3
   Attorneys for Plaintiff
4  Securities and Exchange Commission
   Michele Wein Layne, Regional Director
5  John W. Berry, Associate Regional Director
   Amy Longo, Regional Trial Counsel
6  444 S. Flower Street, Suite 900
   Los Angeles, California 90071
7  Telephone: (323) 965-3998
   Facsimile: (213) 443-1904
8
9
10
11
12                  **UNITED STATES DISTRICT COURT**
13                  **CENTRAL DISTRICT OF CALIFORNIA**
14
15

| | |
|---|---|
| 16  SECURITIES AND EXCHANGE COMMISSION, | Case No. 2:17-cv-06929-PA-JEM |
| 17                    Plaintiff, | **CONSENT OF DEFENDANT HOME PARADISE INVESTMENT CENTER LLC** |
| 18         vs. | |
| 19  EDWARD CHEN, JEAN CHEN, HOME PARADISE INVESTMENT CENTER LLC, GH INVESTMENT LP, GH DESIGN GROUP, LLC, GOLDEN GALAXY LP, AND MEGA HOME, LLC, | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24                    Defendants. | |

25
26
27
28

1      1.      Defendant Home Paradise Investment Center ("Defendant")

2  acknowledges having been served with the complaint in this action, enters a general

3  appearance, and admits the Court's jurisdiction over Defendant and over the subject

4  matter of this action.

5      2.      Without admitting or denying the allegations of the complaint (except as

6  provided in paragraph 10 and except as to personal and subject matter jurisdiction,

7  which Defendant admits), Defendant hereby consents to the entry of the final

8  Judgment in the form attached hereto (the "Final Judgment") and incorporated by

9  reference herein, which, among other things:

10          a.      permanently restrains and enjoins Defendant from violations of

11                  Section 17(a) of the Securities Act of 1933 ("Securities Act"), [15

12                  U.S.C. § 77q(a)], and Section 10(b) of the Exchange Act of 1934

13                  ("Exchange Act"), [15 U.S.C. § 78j(b)], and Rule 10b-5

14                  thereunder, [17 C.F.R. §§ 240.10b-5];

15          b.      orders Defendant to pay disgorgement, on a joint and several basis

16                  with codefendants Edward Chen, Jean Chen, GH Investment LP

17                  and GH Design Group, LLC, Golden Galaxy, LP and Mega

18                  Home, LLC, in the amount of $2,155,000.00, plus prejudgment

19                  interest thereon in the amount of $119,583.78, for a total of

20                  $2,274,583.78, the payment of which is deemed satisfied by the

21                  monies collected to date by Robert Mosier, in his capacity as the

22                  court-appointed receiver over GH Investment LP, and GH Design

23                  Group, and court-appointed monitor over HPIC, Golden  Galaxy,

24                  LP and Mega Home, LLC.

25      3.      Defendant waives the entry of findings of fact and conclusions of law

26  pursuant to Rule 52 of the Federal Rules of Civil Procedure.

27      4.      Defendant waives the right, if any, to a jury trial and to appeal from the

28  entry of the Final Judgment.

1

1       5.     Defendant enters into this Consent voluntarily and represents that no

2  threats, offers, promises, or inducements of any kind have been made by the

3  Commission or any member, officer, employee, agent, or representative of the

4  Commission to induce Defendant to enter into this Consent.

5       6.     Defendant agrees that this Consent shall be incorporated into the Final

6  Judgment with the same force and effect as if fully set forth therein.

7       7.     Defendant will not oppose the enforcement of the Final Judgment on the

8  ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of

9  Civil Procedure, and hereby waives any objection based thereon.

10       8.     Defendant waives service of the Final Judgment and agrees that entry of

11  the Final Judgment by the Court and filing with the Clerk of the Court will constitute

12  notice to Defendant of its terms and conditions.  Defendant further agrees to provide

13  counsel for the Commission, within thirty days after the Final Judgment is filed with

14  the Clerk of the Court, with an affidavit or declaration stating that Defendant has

15  received and read a copy of the Final Judgment.

16       9.     Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the

17  claims asserted against Defendant in this civil proceeding.  Defendant acknowledges

18  that no promise or representation has been made by the Commission or any member,

19  officer, employee, agent, or representative of the Commission with regard to any

20  criminal liability that may have arisen or may arise from the facts underlying this

21  action or immunity from any such criminal liability.  Defendant waives any claim of

22  Double Jeopardy based upon the settlement of this proceeding, including the

23  imposition of any remedy or civil penalty herein.  Defendant further acknowledges

24  that the Court's entry of a permanent injunction may have collateral consequences

25  under federal or state law and the rules and regulations of self-regulatory

26  organizations, licensing boards, and other regulatory organizations.  Such collateral

27  consequences include, but are not limited to, a statutory disqualification with respect

28  to membership or participation in, or associations with a member of, a self-

regulatory organization.  This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.  In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that it shall not be permitted to contest the factual allegations of the complaint in this action.

10.   Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations."   As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant:  (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraw any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulate for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).  If Defendant breaches this agreement, the Commission may

1  petition the Court to vacate the Final Judgment and restore this action to its active

2  docket.  Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or

3  (ii) right to take legal or factual positions in litigation or other legal proceedings in

4  which the Commission is not a party.

5        11.  Defendant hereby waives any rights under the Equal Access to Justice

6  Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other

7  provision of law to seek from the United States, or any agency, or any official of the

8  United States acting in his or her official capacity, directly or indirectly,

9  reimbursement of attorney's fees or other fees, expenses, or costs expended by

10  Defendant to defend against this action.  For these purposes, Defendant agrees that it

11  is not a prevailing party in this action since the parties have reached a good faith

12  settlement.

13        12.  Defendant agrees that the Commission may present the Final Judgment

14  to the Court for signature and entry without further notice.

15        13.  Defendant agrees that this Court shall retain jurisdiction over this matter

16  for the purpose of enforcing the terms of the Final Judgment.

17

18  Dated: _Sgt. 13th_, 2018

19

20  MING CHIEH WU

21  On behalf of Defendant Home Paradise

22  Investment Center, LLC

23        On _____, 2018, Ming Chieh Wu, a person known to me,

24  personally appeared before me and acknowledged executing the foregoing Consent.

25

26  **ATTACHED:**       Notary Public

   **CALIFORNIA ALL-PURPOSE**   Commission expires:

27  **CERTIFICATE OF ACKNOWLEDGMENT**

28

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**                    CIVIL CODE § 1189

---

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the
> document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of _____ Los Angeles _____ )

On __09/13/2018__ before me, ___Jacqueline Joseph (Notary Public)___
     _Date_                        _Here Insert Name and Title of the Officer_

personally appeared ___Ming Chieh Wu___
                          _Name(s) of Signer(s)_

---

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s),
or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws
of the State of California that the foregoing paragraph
is true and correct.

WITNESS my hand and official seal.

Signature _____
                  _Signature of Notary Public_

JACQUELINE JOSEPH
Notary Public - California
Los Angeles County
Commission # 2152296
My Comm. Expires Jun 1, 2020

_Place Notary Seal Above_

--- **OPTIONAL** ---

_Though this section is optional, completing this information can deter alteration of the document or
fraudulent reattachment of this form to an unintended document._

**Description of Attached Document**
Title or Type of Document: _____ Document Date: _____
Number of Pages: _____ Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**
Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Individual      ☐ Attorney in Fact
☐ Trustee      ☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Individual      ☐ Attorney in Fact
☐ Trustee      ☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

---

©2014 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)   Item #5907

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action.  My business address is:

U.S. SECURITIES AND EXCHANGE COMMISSION,
444 S. Flower Street, Suite 900, Los Angeles, California 90071
Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On November 16, 2018, I caused to be served the document entitled **CONSENT OF DEFENDANT HOME PARADISE INVESTMENT CENTER LLC** on all the parties to this action addressed as stated on the attached service list:

☐    **OFFICE MAIL:**  By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices.  I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐    **PERSONAL DEPOSIT IN MAIL:**  By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service.  Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐    **EXPRESS U.S. MAIL:**  Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐    **HAND DELIVERY:**  I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐    **UNITED PARCEL SERVICE:**  By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☐    **ELECTRONIC MAIL:**  By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒    **E-FILING:**  By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐    **FAX:**  By transmitting the document by facsimile transmission.  The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date:  November 16, 2018          */s/ Donald W. Searles*
                                  Donald W. Searles

1

*SEC v. Edward Chen, et al.*
**United States District Court—Central District of California**
**Case No. 2:17-cv-06929-PA-JEM**

### SERVICE LIST

Nicolas Morgan **(served by CM/ECF)**
Thomas Zaccaro **(served by CM/ECF)**
PAUL HASTINGS, LLP
515 South Flower Street, 25th Floor
Los Angeles, CA  90071
Email:  nicolasmorgan@paulhastings.com
Email:  thomaszaccaro@paulhastings.com
*Attorneys for Defendant Jean Chen*


Edward Gartenberg, Esq. **(served by CM/ECF)**
GARTENBERG GELFAND HAYTON, LLP
15260 Ventura Boulevard, Suite 1920
Sherman Oaks, CA 91403
Email: egartenberg@gghslaw.com
*Attorneys for Defendant Edward Chen*


Robert P. Mosier **(served by CM/ECF)**
MOSIER & COMPANY, INC.
3151 Airway Avenue, Suite A-1
Costa Mesa, CA 92626
Email: rmosier@mosierco.com
*Court-Appointed Receiver on behalf of the Entity Defendants*