DONALD W. SEARLES, (Cal. Bar No. 135705)
Email: searlesd@sec.gov
JUNLING MA (Cal. Bar No.213241)
Email: maj@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
John W. Berry, Associate Regional Director
Amy Longo, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>    vs.<br><br>EDWARD CHEN, JEAN CHEN, HOME PARADISE INVESTMENT CENTER LLC, GH INVESTMENT LP, GH DESIGN GROUP, LLC, GOLDEN GALAXY LP, AND MEGA HOME, LLC,<br><br>    Defendants. | Case No. 2:17-cv-06929-PA-JEM<br><br>**CONSENT OF DEFENDANTS GOLDEN GALAXY LP AND MEGA HOME, LLC** |

1. Defendants, Golden Galaxy LP and Mega Home, LLC ("Defendants") acknowledge having been served with the complaint in this action, enter a general appearance, and admit the Court's jurisdiction over Defendants and over the subject matter of this action.

2. Without admitting or denying the allegations of the complaint (except as provided in paragraph 10 and except as to personal and subject matter jurisdiction, which Defendants admit), Defendants hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

   a. permanently restrains and enjoins Defendants from violations of Section 17(a) of the Securities Act of 1933 ("Securities Act"), [15 U.S.C. § 77q(a)], and Section 10(b) of the Exchange Act of 1934 ("Exchange Act"), [15 U.S.C. § 78j(b)], and Rule 10b-5(a) and (c) thereunder, [17 C.F.R. §§ 240.10b-5(a) & (c)];

   b. orders Defendants to pay disgorgement, on a joint and several basis with each other and with codefendants Edward Chen, Jean Chen, GH Investment LP and GH Design Group, LLC, in the amount of $24,655,000, plus prejudgment interest thereon, in the amount of $1,173,098, for a total of $25,828,098.

3. Defendants waive the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

4. Defendants waive the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

5. Defendants enter into this Consent voluntarily and represent that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendants to enter into this Consent.

6. Defendants agree that this Consent shall be incorporated into the Final

1

1 Judgment with the same force and effect as if fully set forth therein.

2     7. Defendants will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

    8. Defendants waive service of the Final Judgment and agree that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendants of its terms and conditions. Defendants further agree to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

    9. Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendants in this civil proceeding. Defendants acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendants waive any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendants further acknowledge that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or associations with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendants understand that they shall not be permitted to contest the factual allegations of the complaint in this action.

10. Defendants understand and agree to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendants' agreement to comply with the terms of Section 202.5(e), Defendants: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendants do not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendants do not deny the allegations; (iii) upon the filing of this Consent, Defendants hereby withdraw any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulate for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendants under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendants of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19). If Defendants breach this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendants': (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

11. Defendants hereby waive any rights under the Equal Access to Justice

Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendants to defend against this action. For these purposes, Defendants agrees that none of them is the prevailing party prevailing party in this action since the parties have reached a good faith settlement.

12. Defendants agree that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

13. Defendants agree that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: September 4, 2018

_____
ZHENGXIONG XIE
On behalf of Defendants Golden Galaxy and Mega Home

On September 4, 2018, Zhengxiong Xie, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

KIT LEUNG
COMM. # 2080588
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
My Comm. Exp. Sep. 30, 2018

_____
Notary Public
Commission expires: Sep 30, 2018

4

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is:

> U.S. SECURITIES AND EXCHANGE COMMISSION,
> 444 S. Flower Street, Suite 900, Los Angeles, California 90071
> Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On November 16, 2018, I caused to be served the document entitled **CONSENT OF DEFENDANTS GOLDEN GALAXY LP AND MEGA HOME, LLC** on all the parties to this action addressed as stated on the attached service list:

☐ **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐ **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐ **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐ **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐ **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☐ **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒ **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐ **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: November 16, 2018           */s/ Donald W. Searles*
                                  Donald W. Searles

5

*SEC v. Edward Chen, et al.*
**United States District Court—Central District of California**
**Case No. 2:17-cv-06929-PA-JEM**

**SERVICE LIST**

Nicolas Morgan **(served by CM/ECF)**
Thomas Zaccaro **(served by CM/ECF)**
PAUL HASTINGS, LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071
Email: nicolasmorgan@paulhastings.com
Email: thomaszaccaro@paulhastings.com
*Attorneys for Defendant Jean Chen*

Edward Gartenberg, Esq. **(served by CM/ECF)**
GARTENBERG GELFAND HAYTON, LLP
15260 Ventura Boulevard, Suite 1920
Sherman Oaks, CA 91403
Email: egartenberg@gghslaw.com
*Attorneys for Defendant Edward Chen*

Robert P. Mosier **(served by CM/ECF)**
MOSIER & COMPANY, INC.
3151 Airway Avenue, Suite A-1
Costa Mesa, CA 92626
Email: rmosier@mosierco.com
*Court-Appointed Receiver on behalf of the Entity Defendants*