# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>EDWARD CHEN, JEAN CHEN, HOME PARADISE INVESTMENT CENTER LLC, GH INVESTMENT LP, GH DESIGN GROUP, LLC, GOLDEN GALAXY LP, AND MEGA HOME, LLC,<br><br>　　　　　Defendants. | Case No. 2:17-cv-06929-PA-JEM<br><br>**FINAL JUDGMENT AS TO DEFENDANTS GOLDEN GALAXY LP AND MEGA HOME, LLC** |

The Securities and Exchange Commission having filed a Complaint and Defendants Golden Galaxy LP and Mega Home, LLC ("Defendants") having entered a general appearance; consented to the Court's jurisdiction over them and the subject matter of this action; consented to entry of this Final Judgment, without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

**I.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that Defendants are permanently restrained and enjoined from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:

    A.    employing any device, scheme or artifice to defraud;

    B.    obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    C.    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

///

///

**II.**

IT IS FURTHER ORDERED that Defendant Golden Galaxy LP is permanently restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

    A.    employing any device, scheme or artifice to defraud;

    B.    making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    B.    engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. §§ 240.10b-5.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

**III.**

IT IS FURTHER ORDERED that Defendant Mega Home, LLC is permanently restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

    A.    employing any device, scheme or artifice to defraud; or

    B.    engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5(a) & (c) thereunder, 17 C.F.R. §§ 240.10b-5(a) & (c).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant pay disgorgement in the amount of $24,655,000, representing amounts paid by EB-5 investors as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $1,173,098, for a total of $25,828,098, and shall be jointly and several liable with codefendants Edward Chen, Jean Chen, GH Investment LP, GH Design Group, LLC, and Home Paradise Investment Center LLC (limited as set forth in its separate judgment), for the payment of those sums. Defendants shall satisfy this obligation by paying those amounts to Robert Mosier, in his capacity as the Distribution Agent of the disgorgement fund, one year from the date of the entry of this Final Judgment. If timely payment is not made on the ordered disgorgement and prejudgment interest thereon on or before the due date, additional interest shall accrue pursuant to 28 U.S.C. § 1961.

Defendants may pay by certified check, bank cashier's check, or United States postal money order payable to Robert Mosier, which shall be delivered or mailed to

> Robert P. Mosier
> Mosier & Company, Inc.
> 3151 Airway Ave., Suite A1
> Costa Mesa, CA 92626

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Home Paradise Investment Center, LLC, Golden Galaxy LP and Mega Home, LLC's names as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants.

Defendants shall receive a credit towards payment of the disgorgement amount, on a per investor basis, if, upon the express written consent of the EB-5 investor, such investor is willing to accept reimbursement in a form other than cash, and that satisfactory proof is submitted to both Mr. Mosier and to the SEC that such investor has, in fact, received assets that are equivalent in value to what such investor is otherwise owed to be made whole.

**V.**

Robert Mosier, in his capacity as the Distribution Agent, shall hold the funds received from Defendants (collectively, the "Fund") and may propose a plan, after soliciting input from the EB-5 investors as to their preferences, to distribute the Fund, or portions thereof, pursuant to Section 308(a) of the Sarbanes-Oxley Act of 2002, as amended, 15 U.S.C. § 1246(a), subject to the Court's approval, to, or for the benefit of, the EB-5 investors (which shall be in a form requested by the EB-5 investors which may include a continued investment in their pending EB-project or a rollover of their investment in an alternative EB-5 investment). The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Distribution Agent determines that there are monies in the Fund in excess of what is required to make investors whole, or there are funds remaining after distribution has taken place which cannot be distributed, the Distribution Agent shall send the funds paid pursuant to this Final Judgment to the Commission, which shall send the funds

to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after one year following entry of this Final Judgment.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendants, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendants under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendants of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the agreements set forth therein.

## VIII.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for the purpose of enforcing the terms of this Judgment and implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

///
///
///

**IX.**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

IT IS SO ORDERED.

Dated: November 19, 2018

_____
Percy Anderson
UNITED STATES DISTRICT JUDGE

Presented by:

*/s/ Donald W. Searles*
Donald W. Searles
Attorney for Plaintiff
Securities and Exchange Commission

6