# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>  Plaintiff,<br><br>vs.<br><br>EDWARD CHEN, JEAN CHEN, HOME PARADISE INVESTMENT CENTER LLC, GH INVESTMENT LP, GH DESIGN GROUP, LLC, GOLDEN GALAXY LP, AND MEGA HOME, LLC,<br><br>  Defendants. | Case No. 2:17-cv-06929-PA-JEM<br><br>**FINAL JUDGMENT AS TO DEFENDANT JEAN CHEN** |

The Securities and Exchange Commission having filed a Complaint and Defendant Jean Chen ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over her and the subject matter of this action; consented to entry of this Final Judgment, without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

**I.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that Defendant is permanently restrained and enjoined from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:

    A.    employing any device, scheme or artifice to defraud;

    B.    obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    C.    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**II.**

IT IS FURTHER ORDERED that Defendant is permanently restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any

security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

    A.    employing any device, scheme or artifice to defraud; or

    B.    engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5(a) & (c) thereunder, 17 C.F.R. §§ 240.10b-5(a) & (c).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### III.

IT IS FURTHER ORDERED that Defendant is permanently restrained and enjoined from, directly or indirectly, participating in the offer or sale of any security which constitutes an investment in a "commercial enterprise" under the United States Government EB-5 visa program administered by USCIS, including engaging in activities with a broker, dealer, or issuer, or a Regional Center designated by the USCIS, for purposes of issuing, offering, trading, or inducing or attempting to induce the purchase or sale of any such EB-5 investment.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Chen or with anyone described in (a).

**IV.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant pay disgorgement in the amount of $24,655,000, representing amounts paid by EB-5 investors as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $1,173,098, for a total of $25,828,098 , and shall be jointly and several liable with codefendants Edward Chen, GH Investment LP, GH Design Group, LLC, Golden Galaxy LP, Home Paradise Investment Center (limited as set forth in its separate judgment) and Mega Home, LLC, for the payment of those sums. Defendant shall satisfy this obligation by paying those amounts to Robert Mosier, in his capacity as the Distribution Agent of the disgorgement fund, one year from the date of the entry of this Final Judgment. If timely payment is not made on the ordered disgorgement and prejudgment interest thereon on or before the due date, additional interest shall accrue pursuant to 28 U.S.C. § 1961.

Defendant may pay by certified check, bank cashier's check, or United States postal money order payable to Robert Mosier, which shall be delivered or mailed to

    Robert P. Mosier

    Mosier & Company, Inc.

    3151 Airway Ave., Suite A1

    Costa Mesa, CA 92626

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Jean Chen's name as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

Defendant shall receive a credit towards payment of the disgorgement amount,

on a per investor basis, if, upon the express written consent of the EB-5 investor, such investor is willing to accept reimbursement in a form other than cash, and that satisfactory proof is submitted to both Mr. Mosier and to the SEC that such investor has, in fact, received assets that are equivalent in value to what such investor is otherwise owed to be made whole.

**V.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $1,077,500, pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3).

Defendant shall satisfy this obligation by paying the civil penalty amount of $1,077,500 to Robert Mosier (the "Distribution Agent") one year from the date of the entry of this Final Judgment. If timely payment is not made on the civil penalty on or before the due date, additional interest shall accrue pursuant to 28 U.S.C. § 1961. Upon receipt of the payment of the civil penalty, those monies will be added to and become part of the disgorgement fund to be established for the benefit of the EB-5 investors who invested in the EB-5 projects at issue in this action and Robert Mosier shall act as distribution agent of those funds pursuant to Section 308(a) of the Sarbanes-Oxley Act of 2002, as amended (31 U.S.C. § 7246).

Defendant may pay by certified check, bank cashier's check, or United States postal money order payable to Robert Mosier, which shall be delivered or mailed to

>   Robert P. Mosier
>   Mosier & Company, Inc.
>   3151 Airway Ave., Suite A1
>   Costa Mesa, CA 92626

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Jean Chen's name as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

4

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

**VI.**

Robert Mosier, in his capacity as the Distribution Agent, shall hold the funds received from Defendants (collectively, the "Fund") and may propose a plan, after soliciting input from the EB-5 investors as to their preferences, to distribute the Fund, or portions thereof, pursuant to Section 308(a) of the Sarbanes-Oxley Act of 2002, as amended, 15 U.S.C. § 1246(a), subject to the Court's approval, to, or for the benefit of, the EB-5 investors (which shall be in a form requested by the EB-5 investors which may include a continued investment in their pending EB-project or a rollover of their investment in an alternative EB-5 investment). The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Distribution Agent determines that there are monies in the Fund in excess of what is required to make investors whole, or there are funds remaining after distribution has taken place which cannot be distributed, the Distribution Agent shall send the funds paid pursuant to this Final Judgment to the Commission, which shall send the funds to the United States Treasury. Regardless of whether any such Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a

final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more EB-5 investors based on substantially the same facts as alleged in the Complaint in this action.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after one year following entry of this Final Judgment.

**VII.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

**VIII.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the agreements set forth therein.

**IX.**

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this

action for the purpose of enforcing the terms of this Judgment and implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

**X.**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

IT IS SO ORDERED.

Dated: November 19, 2018

_____
Percy Anderson
UNITED STATES DISTRICT JUDGE

Presented by:

*/s/ Donald W. Searles*
Donald W. Searles
Attorney for Plaintiff
Securities and Exchange Commission