1
2
3
4
5
6
7
**UNITED STATES DISTRICT COURT**
8
**CENTRAL DISTRICT OF CALIFORNIA**
9
10  SECURITIES AND EXCHANGE
    COMMISSION,
11
                Plaintiff,
12
13          vs.
14  EDWARD CHEN, JEAN CHEN,
    HOME PARADISE INVESTMENT
15  CENTER LLC, GH INVESTMENT
    LP, GH DESIGN GROUP, LLC,
16  GOLDEN GALAXY LP, AND MEGA
    HOME, LLC,
17
18          Defendants.

Case No. 2:17-cv-06929-PA-JEM

**FINAL JUDGMENT AS TO
DEFENDANT HOME PARADISE
INVESTMENT CENTER LLC**

19
20
21
22
23
24
25
26
27
28

1    The Securities and Exchange Commission having filed a Complaint and

2    Defendant Home Paradise Investment Center, LLC ("Defendant"), having entered a

3    general appearance; consented to the Court's jurisdiction over it and the subject

4    matter of this action; consented to entry of this Final Judgment, without admitting or

5    denying the allegations of the Complaint (except as to jurisdiction); waived findings

6    of fact and conclusions of law; and waived any right to appeal from this Final

7    Judgment:

8                                                    **I.**

9            IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that Defendant

10   is  permanently restrained and enjoined from, directly or indirectly, in the offer or

11   sale of any securities, by the use of any means or instruments of transportation or

12   communication in interstate commerce or by the use of the mails:

13           A.      employing any device, scheme or artifice to defraud;

14           B.      obtaining money or property by means of any untrue statement of a

15                   material fact or any omission to state a material fact necessary in order to

16                   make the statements made, in light of the circumstances under which

17                   they were made, not misleading; or

18           C.      engaging in any transaction, practice, or course of business which

19                   operates or would operate as a fraud or deceit upon the purchaser;

20   in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

21           IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as

22   provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also

23   binds the following who receive actual notice of this Final Judgment by personal

24   service or otherwise:  (a) Defendant's officers, agents, servants, employees, and

25   attorneys; and (b) other persons in active concert or participation with Defendant or

26   with anyone described in (a).

27                                                   **II.**

28           IT IS FURTHER ORDERED that Defendant is permanently restrained and

                                                     1

enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

      A.     employing any device, scheme or artifice to defraud;

      B.     making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

      B.     engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. §§ 240.10b-5.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**III.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant pay disgorgement in the amount of $2,155,000.00, representing the administrative fees paid by EB-5 investors to Defendant as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $119,583.78, for a total of $2,274,583.78, and shall be jointly and several liable with codefendants Edward Chen, Jean Chen, GH Investment LP, and GH Design Group, Golden Galaxy, LP, and Mega Home, LLC, for the payment of those sums. Defendant's obligation to pay that sum is deemed satisfied by the monies collected to date by Robert Mosier, in his capacity as the court-appointed receiver over GH Investment LP, and GH Design Group, and court-appointed monitor over HPIC,

Golden Galaxy, LP and Mega Home, LLC, which monies shall become part of the Fund and distributed to the EB-5 investors pursuant to the distribution plan referenced in section IV below.

## IV.

Robert Mosier, in his capacity as the Distribution Agent, may propose a plan, after soliciting input from the EB-5 investors as to their preferences, to distribute the funds currently in his possession and control, and those funds to be collected from Edward Chen, Jean Chen, GH Investment LP, and GH Design Group, Golden Galaxy, LP, and Mega Home, LLC, (the "Fund"), pursuant to Section 308(a) of the Sarbanes-Oxley Act of 2002, as amended, 15 U.S.C. § 1246(a), subject to the Court's approval, to, or for the benefit of, the EB-5 investors (which shall be in a form requested by the EB-5 investors which may include a continued investment in their pending EB-project or a rollover of their investment in an alternative EB-5 investment). The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Distribution Agent determines that there are monies in the Fund in excess of what is required to make investors whole, or there are funds remaining after distribution has taken place which cannot be distributed, the Distribution Agent shall send the funds paid pursuant to this Final Judgment to the Commission, which shall send the funds to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after one year following entry of this Final Judgment.

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other

amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

**VI.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the agreements set forth therein.

**VII.**

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for the purpose of enforcing the terms of this Judgment and implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

**VIII.**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

IT IS SO ORDERED.


Dated:  November 19, 2018                    _____

Percy Anderson
UNITED STATES DISTRICT JUDGE

Presented by:


*/s/ Donald W. Searles*
Donald W. Searles
Attorney for Plaintiff
Securities and Exchange Commission