UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>EDWARD CHEN, JEAN CHEN, HOME PARADISE INVESTMENT CENTER LLC, GH INVESTMENT LP, GH DESIGN GROUP, LLC, GOLDEN GALAXY LP, MEGA HOME, LLC,<br><br>　　　　　　Defendants. | CASE NO. 2:17-cv-06929-PA-JEM<br><br>**ORDER GRANTING STIPULATION RE (1) CREATION OF DISTRIBUTION FUND; (2) APPOINTMENT OF A DISTRIBUTION AGENT; (3) PLAN OF DISTRIBUTION AND PAYMENT OF FEES TO THE DISTRIBUTION AGENT** |

The Court having considered the Parties Stipulation for the creation of a Fair Fund, the Appointment of a Distribution Agent, and a Plan of Distribution and Payment of Fees to the Distribution Agent, it is hereby ORDERED that the Stipulation is GRANTED and:

## Creation of a Distribution Fund

1. A distribution fund is hereby created pursuant to Section 308(a) of the Sarbanes-Oxley Act (15 U.S.C. § 7246), (the "Distribution Fund") such that the civil penalties to be paid by Edward and Jean Chen pursuant to their Final Judgments (the "Penalties"), together with the amounts collected to date by the court-appointed receiver for GH Investment LP and GH Design Group, LLC, and to be paid by Defendants in satisfaction of their obligation to pay disgorgement together with prejudgment interest thereon, and any post-judgment interest that may be paid, be added to and become part of the Distribution Fund to be established for the benefit of the EB-5 investors in GH Investments, LP and Golden Galaxy LP (collectively, "the EB-5 investors").

## Appointment of a Distribution Agent

2. Robert Mosier is appointed as the Distribution Agent in connection with the Distribution Fund with the authority to open a federally-insured bank account to create and hold the Distribution Fund. As such he shall be responsible for collecting and distributing moneys collected to date and to be delivered to him by the Defendants pursuant to their Final Judgments.

## Distribution Plan and Payment of Fees

3. Net Sales Proceeds (as defined below) from the sale of condominium/apartment units in the Golden Galaxy project shall be paid over to a construction lender who has provided construction financing for the Golden Galaxy project to release the lien of its deed of trust on any such real property in accordance with the terms of the loan documents. Thereafter, Net Sales Proceeds shall be delivered to the Distribution Agent. In his capacity as the Distribution

Agent, Robert Mosier shall hold the remaining Net Sales Proceeds from such sale of real properties identified in the January 11 Order as provided in the Final Judgments and deposit such funds into the bank account to be opened to hold the Distribution Fund.

4. Prior to distributing funds to the EB-5 investors, the Distribution Agent shall create a reserve, for payment of any fees and actual and necessary expenses incurred by the Distribution Agent to be paid to the Distribution Agent, as expenses are incurred, without further Court order, subject to the review and approval by the Commission. Such reserve shall not exceed $50,000. The Distribution Agent shall not be responsible for his preparation of any returns or the payment of any federal or state taxes in connection with the distribution of the Distribution Fund. Upon noticed application by the Distribution Agent, said reserve may be increased by order of the Court.

5. As used in this Order, "Net Sales Proceeds," shall consist of the gross proceeds received by Mega Home LLC from the sale of condominium/apartment units in the Golden Galaxy project less all closing costs (including, without limitation, escrow, title, recording and broker commission fees) and other expenses reasonably incurred by Mega Homes LLC in connection with each of those sales.

6. Defendants Edward and Jean Chen, Golden Galaxy, LP and Mega Home LLC, through their authorized representatives, shall provide to the Distribution Agent satisfactory evidence of the sale of condominium/apartment units in the Golden Galaxy project, establishing the name of the purchaser, the date of sale, the sale price and any deposits towards the purchase of any units. Any Net Sales Proceeds received to date by Defendants, or their officers, agents, servants, employees, affiliates or attorneys, shall be forthwith be turned over to the Distribution Agent for inclusion in the Distribution Fund.

7. As Distribution Agent, Robert Mosier shall hold all Net Sales Proceeds from the sale of condominium/apartment units in the Golden Galaxy project,

together with all other funds received to date, in the Distribution Fund, and upon the completion of the sales of the condominium/apartment units in the Golden Galaxy, project, or at such time as the funds in the Distribution Fund are sufficient to make all EB-5 investors whole, whichever occurs first, shall commence with the distribution of the Distribution Fund.

8. Prior to distributing funds from the Distribution Fund to EB-5 investors the SEC or its designees shall communicate in writing with each EB-5 investor, wherever located, to determine whether such investor wants to continue his or her investment in their pending EB-5 project or wants to redeploy their investment into an alternative EB-5 project chosen by the EB-5 investor. Neither the SEC, the Defendants nor their designees shall be responsible for advising any EB-5 investor on whether to continue his or her investment in their pending EB-5 investment, whether to redeploy such investment into an alternative EB-5 project, the selection of any such alternative EB-5 project, or to conduct any due diligence on any alternative EB-5 project.

9. All payments made by the Distribution Agent to EB-5 investors shall be credited towards the Defendants' disgorgement obligations pursuant to their respective Final Judgments. Once the Defendants' obligation to pay disgorgement and prejudgment interest thereon is satisfied in full, any remaining funds from the proceeds of the sale of the Golden Galaxy condominium/apartment units shall be turned over to Mega Home LLC.

10. Defendants shall receive a credit towards payment of their respective disgorgement obligations, on a per investor basis, if, upon the express written consent of the EB-5 investor, such investor is willing to accept reimbursement in a form other than cash, and that satisfactory proof is submitted to the SEC or its designees that such investor has, in fact, received assets that are equivalent in value to what such investor is otherwise owed to be made whole. The SEC and its designees shall have the authority to communicate directly with each such EB-5

investor to confirm that such investor has agreed to accept, and has received reimbursement in a form other than cash, and may independently determine, to its sole satisfaction, that any reimbursement in a form other than cash is equivalent to value to what such investor is otherwise owed to be made whole. Nothing in this paragraph shall impose any obligation on Defendants to convey any condominium/apartment units in the Golden Galaxy project to an EB-5 investor in lieu of monetary restitution.

11. Except to the extent an investor exercises the option described above, the Distribution Agent shall pay to each EB-5 investor that amount necessary to make such investor whole. The make whole amount shall be equal to the amount such investor contributed to the EB-5 project as a capital contribution, together with the amount such investor paid as an administrative fee, together with prejudgment interest thereon calculated in a manner consistent with the Defendants' Final Judgments.

12. The Distribution Fund shall be distributed to the EB-5 investors on a *pro rata* basis, regardless of whether the EB-5 investor invested in GH Investment LP or Golden Galaxy LP.

13. In the event the EB-5 investors are made whole through Defendants' payment of their disgorgement amounts and prejudgment interest thereon or otherwise, in the manner contemplated herein, the civil penalties paid by Edward Chen and Jean Chen shall be sent by the Distribution Agent to the SEC, which shall send the funds to the United States Treasury.

14. Once each EB-5 investor is made whole through a return of their respective capital contributions and payment of administrative fees, together with prejudgment interest thereon or otherwise, in the manner contemplated herein, or at such time as the Distribution Agent and the SEC determine that there are insufficient funds from the sales proceeds of the Golden Galaxy condominium/apartment units, once all such sales are concluded, together with the

payment of civil penalties by Edward Chen and Jean Chen to make the investors whole, the Distribution Agent shall have completed his duties as specified herein

15. After the Distribution Agent completes his duties as specified herein, the SEC shall file with the Court a report describing the Distribution Agent's activities and the distributions made to the EB-5 investors.

16. The Distribution Agent and the Distribution Agent's designees, agents, and assistants are excused from any requirement to post a bond, and shall not be liable to any person except on a finding of a willful disregard of duty.

## Miscellaneous Provisions

17. The SEC shall continue to have access upon request to all the books and records related to the Golden Galaxy project until Defendants' satisfaction of the amounts due pursuant to the Final Judgments.

18. All other powers granted to and the duties of Mr. Mosier pursuant to the Court's January 11, 2018 Order concerning the Golden Galaxy project or otherwise are terminated.

19. Mr. Mosier shall continue to control all cash assets currently under his control, which are identified in Attachment A to this Order. Subject to this limitation, any prior freeze order on the cash assets of the Defendants or any related entity is terminated.

20. Upon payment of the amounts due for disgorgement, interest and civil penalties owed by Defendants pursuant to the Final Judgments, any prior order limiting Edward and Jean Chen's control of or involvement in GH Investment LP and/or GH Design Group, LLC shall be terminated, subject to the limitations contained in the Final Judgments against them. Upon entry of the Final Judgments, any prior order limiting Edward and Jean Chen's control of or involvement in Golden Galaxy LP, and/or Mega Home, LLC shall be terminated, subject to the limitations contained in the Final Judgments against them.

21. In the event that the Defendants in this action do not timely pay any amounts due for disgorgement, interest and penalties pursuant to the Final Judgments, Plaintiff shall meet and confer with Defendants' representatives to understand the reasons for any such delay before seeking to hold the Defendants in contempt for violating their corresponding payment obligations under their respective Final Judgment

22. Edward Chen and Jean Chen have provided Plaintiff with a schedule of their real properties, and which are identified in Attachment B to this Order. Until the amounts due for disgorgement, interest and penalties are paid in full, the Chens shall not to sell or encumber such properties without the SEC's prior consent.

**IT IS SO ORDERED.**

Dated: November 28, 2018  _____

UNITED STATES DISTRICT JUDGE

# ATTACHMENT A

| Name of Account Owner | EastWest Bank Account Number |
|---|---|
| Mega Home LLC | Ending in 6644 |
| Mega Home LLC | Ending in 6707 |
| Golden Galaxy LP | Ending in 6700 |
| Home Paradise Investment Center LLC | Ending in 6665 |
| Home Paradises LLC | Ending in 6672 |
| Home Paradises LLC | Ending in 6714 |
| Four Star Realty Group Inc. | Ending in 6637 |
| US Grandhood LLC | Ending in 6679 |
| GH Design Group LLC | Ending in 6693 |
| GH Design Group LLC | Ending in 6728 |
| GH Design Group LLC | Ending in 7246 |
| GH Investment LP | Ending in 6651 |

# ATTACHMENT B