1  Edward Gutenberg (SB# 102693)
   Milena Dolukhanyan (SB#303157)
2  GARTENBERG GELFAND HAYTON LLP
   15260 Ventura Boulevard, Suite 1920
3  Sherman Oaks, California 91403
   Telephone: (213) 542-2100
4  Facsimile:  (213) 542-2101
   Emails:      egartenberg@gghslaw.com
5               mdolukhanyan@gghslaw.com

6  Attorneys for Defendant
   EDWARD CHEN
7
   NICOLAS MORGAN  (SB# 166441)
8  THOMAS A. ZACCARO  (SB# 183241)
   thomaszaccaro@paulhastings.com
9  PAUL HASTINGS LLP
   515 South Flower Street
10 Twenty-Fifth Floor
   Los Angeles, California 90071-2228
11 Telephone:  1(213) 683-6000
   Facsimile:  1(213) 627-0705
12 Emails:  nicolasmorgan@paulhastings.com
            thomaszaccaro@paulhastings.com
13
   Attorneys for Defendant
14 JEAN CHEN

15

16                      UNITED STATES DISTRICT COURT

17                     CENTRAL DISTRICT OF CALIFORNIA

18 SECURITIES AND EXCHANGE              Case No. 17-CV-06929-PA (JEMx)
   COMMISSION,
                                        [Hon. Percy Anderson]
19          Plaintiff
                                        **JOINT OPPOSITION OF EDWARD
20     vs.                              AND JEAN CHEN TO MOTION OF
                                        'FIDUCIARY" FOR FINAL
21 EDWARD CHEN, JEAN CHEN, HOME         ACCOUNT & REPORT AND
   PARADISE INVESTMENT CENTER           ADDITIONAL FEES FOR
22 LLC, GH INVESTMENT LP, GH            DECEMBER 2018**
   DESIGN GROUP, LLC, GOLDEN
23 GALAXY LP, AND MEGA HOME,            **[Filed concurrently with supporting
   LLC,                                 Declarations]**
24
          Defendants.                   Date:   April 8, 2019
25                                      Time:   1:30p.m.
                                        Dept.:  9A
26
                                        Complaint Filed:    Sept. 20, 2017
27                                      Judgments Entered: Nov. 20, 2018

28

GARTENBERG GELFAND HAYTON LLP
A LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

                                        1

GARTENBERG GELFAND HAYTON LLP
A LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ................................................................................................. 4

II.  PROCEDURAL HISTORY ................................................................................ 5

III.  ARGUMENT ....................................................................................................... 7

    A.  Mosier Lacks Authority to Perform the Actions for Which He Now Seeks Compensation ................................................................. 8

    B.  28 U.S.C. § 3103 Does Not Support the Requested Relief ................. 9

    C.  Mosier's Request that the Court "Approve" the FAR is Unintelligible and Unfair ................................................................. 11

    D.  Mosier's Motion Is Procedurally Defective ....................................... 13

        1.  Mosier Failed to Comply with Pre-Filing Conference Requirements of L.R. 7-3 .......................................................... 13

        2.  Mosier Failed to Comply with the Notice Requirements of L.R. 7-4 ................................................................................... 13

        3.  Mosier Failed to Comply with the Briefing Requirements of L.R. 7-5 ................................................................................... 14

        4.  Mosier Failed to Comply with the Evidentiary Requirements of L.R. 7-6 ....................................................... 15

IV.  CONCLUSION .................................................................................................. 16

**OPPOSITION OF DEFENDANTS EDWARD AND JEAN CHEN TO MOTION OF "FIDUCIARY" FOR FINAL ACCOUNT & REPORT AND ADDITIONAL FEES**

LEGAL_US_W # 97597365.7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Morrison-Knudsen Co. v. CHG Int'l, Inc.*,

811 F.2d 1209 (9th Cir. 1982).....................................................................15

*In re Still*,

963 F.2d 75 (5th Cir. 1992).......................................................................14

**Statutes**

28 U.S.C.
§ 3103 ..........................................................................................................9
§ 3103(c)......................................................................................................6
§ 3103(d)....................................................................................................10
§ 3103(e)......................................................................................................6
§ 3103(g)(1).................................................................................................9
§ 3103(g)(2).................................................................................................9
§ 3103(g)(3)............................................................................................9, 10

**Other Authorities**

17.C.F.R. § 202.5(c) ..................................................................................11

Local Rule
R. 7-3 ........................................................................................................13
R. 7-4 ........................................................................................................13
R. 7-5 ........................................................................................................14
R. 7-6 ........................................................................................................15
R. 7-8 ........................................................................................................13

GARTENBERG GELFAND HAYTON LLP
A LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

3

**OPPOSITION OF DEFENDANTS EDWARD AND JEAN CHEN TO MOTION OF "FIDUCIARY" FOR FINAL ACCOUNT & REPORT AND ADDITIONAL FEES**

LEGAL_US_W # 97597365.7

1    Defendants Edward and Jean Chen (the "Chens") hereby oppose the Motion

2 of Robert P. Mosier identified as "Fiduciary's Final Account & Report & Request

3 to Pay Final Fees & Costs for December 2018 through the Close" (the "Motion")

4 (Dkt. 195).

5 **I.    INTRODUCTION**

6    Robert Mosier ("Mosier"), the self-described "Fiduciary," has filed a

7 misleading motion and proposed order.  Mosier is not the Receiver in this action.

8 Nor is he the Monitor.  Nor, indeed, is he the "Fiduciary."[1]  Mosier has only one

9 role in this case:  Distribution Agent.[2]  As Distribution Agent, he is entitled to no

10 more than $50,000.  (November 28, 2018 Order, ¶ 4.)

11    Despite the Court's clear Orders, Mosier continues to stray from his narrow

12 role as Distribution Agent—and now seeks a reward for doing so.  Most

13 egregiously, Mosier has undermined the financial viability of the Golden Galaxy

14 Project by irresponsibly sending his Final Accounting and Report ("FAR") to

15 dozens, if not hundreds, of people including investors, vendors, and sub-

16 contractors.  Mosier's conduct has led directly to increased costs and work

17 stoppages for the Golden Galaxy Project.  Mosier lacks any authority as

18 Distribution Agent to communicate with investors and other interested parties in

19 this manner.  He should not be enriched for this unauthorized, damaging conduct.

20    In addition, Mosier's Motion suffers from fatal procedural flaws and

21 inherent inequities that weigh strongly in favor of denying the Motion.  For

22 example, the Notice of Motion's stated request for "approval" of the FAR is

23 unintelligible because Mosier does not specify what constitutes "approval."  This

24

25 [1]  Mosier appears to have anointed himself as the "Fiduciary," a title devoid of either meaning or authority.

26 [2]  The Court appointed Mosier to that rule in its Order Granting Stipulation Re (1)
27 Creation of Distribution Fund; (2) Appointment of a Distribution Agent; (3) Plan of Distribution and Payment of Fees to the Distribution Agent ("November 28, 2018 Order") (Dkt. No. 189).
28

**OPPOSITION OF DEFENDANTS EDWARD AND JEAN CHEN TO MOTION OF "FIDUCIARY" FOR**
**FINAL ACCOUNT & REPORT AND ADDITIONAL FEES**
LEGAL_US_W # 97597365.7

GARTENBERG GELFAND HAYTON LLP
A LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

GARTENBERG GELFAND HAYTON LLP
A LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

1    request is also deeply prejudicial to the Chens, who, because of the terms of their

2    settlement, are prohibited from disputing many of the inflammatory and

3    unsubstantiated allegations that Mosier has peppered throughout the FAR.   In

4    addition, beyond just the relief Mosier noticed in the Motion, he seeks vastly

5    different relief from the Court in his Proposed Order, including:  (1) the authority

6    to transfer or *destroy* relevant documents; (2) a release of all claims and liabilities

7    as to Mosier and his unidentified agents, employees, independent contractors,

8    attorneys and representatives; and (3) some ill-defined additional release from

9    liability for "actions taken in good faith."  Mosier fails not only to provide notice

10   of this requested relief, but also to offer any briefing or evidence in support of such

11   relief.

12          Accordingly, Mosier's Motion should be denied.[3]

13   **II.      PROCEDURAL HISTORY**

14          Throughout the course of this action, Mosier's role and responsibilities have

15   steadily diminished.  Mosier was first appointed as a <u>temporary</u> receiver by the

16   Court's September 20, 2017 Temporary Restraining Order ("TRO") (Dkt. No. 11),

17   which was entered following the SEC's *ex parte* application.

18          On January 11, 2018, the Court entered the Corrected Stipulation and Order

19   re Order to Show Cause Regarding Receiver ("January 11, 2018 Order") (Dkt. No.

20   75).  The January 11, 2018 Order defined Mosier's future role and responsibilities

21   in this action.  Pursuant to this Order, Mosier served as Receiver *only* for

22   Defendants GH Investment LP and GH Design Group, LLC (together,

23   "Receivership Entities"), acting instead as Monitor over the estate of Home

24

25

26

---

27   [3]  The Chens have no objection to Mosier submitting to the Court a FAR consisting
     of Exhibit B of the Motion as this document provides an updated accounting for
28   receipts and disbursements

**OPPOSITION OF DEFENDANTS EDWARD AND JEAN CHEN TO MOTION OF "FIDUCIARY" FOR
FINAL ACCOUNT & REPORT AND ADDITIONAL FEES**

LEGAL_US_W # 97597365.7

GARTENBERG GELFAND HAYTON LLP
A LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

1  Paradise Investment Center LLC, Golden Galaxy LP and Mega Home, LLC

2  (together, "Monitorship Entities").[4]

3       On November 19, 2018 based upon a negotiated settlement with the SEC,

4  the Court entered final judgments against Defendants. (*See* Dkt. Nos. 181-185.)

5  The negotiated settlement provided for future disgorgement payments upon

6  completion of the Golden Galaxy Project, which was anticipated to produce the

7  lion's share of funds to be used for disgorgement.

8       Soon thereafter, on November 27, 2018, the parties filed a stipulation and

9  proposed order including additional terms of the negotiated settlement.  (*See* Dkt.

10  Nos. 188.)  Contrary to Mosier's unsupported assertion this stipulation "had been

11  rushed through," it was the result of extended negotiations and multiple drafts

12  between the parties.[5]  (Declaration of Edward Gartenberg ("Gartenberg Decl."),

13  filed concurrently with this Opposition, ¶¶ 2-3.)  The Court quickly entered the

14  Order Granting Stipulation re (1) Creation of Distribution Fund; (2) Appointment

15  of a Distribution Agent; (3) Plan of Distribution and Payment of Fees to the

16  Distribution Agent on November 28, 2018 ("November 28, 2018 Order").  The

17  November 28, 2018 Order explicitly reduced Mosier's role and responsibilities in

18  this matter to that of Distribution Agent.  (November 28, 2018 Order, ¶ 2.)  The

19  Distribution Agent's duties were limited to administering disgorgement payments

20  pursuant to the parties' settlement terms. (*Id.*, ¶¶ 3-16.)  The November 28, 2018

21  Order hammered this point home by noting that Mosier's prior roles in this case—

22  whether as Monitor, Receiver, or otherwise—were terminated:

23         All other powers granted to and the duties of Mr. Mosier

24         pursuant to the Court's January 11, 2018 Order

25

26

---

27  [4]   Mosier's role as monitor was effectively limited to approving payments exceeding $5,000. (January 11, 2018 Order at 3:8-11.)

28  [5]   Motion at 5:10-12.

1    concerning the Golden Galaxy project or otherwise are

2    terminated.

3    There is no doubt that this Court had authority to terminate Mosier's powers and

4    duties as Monitor, Receiver, or otherwise.  *See, e.g.*, 28 U.S.C. § 3103(e)

5    (providing the court with authority to remove a receiver or modify a receiver's

6    powers at any time) and § 3103(c) (providing that a receivership shall not continue

7    past the entry of a judgment unless otherwise directed by the court).  Finally, given

8    the extraordinarily high fees and costs billed by Mosier throughout this case, the

9    Court limited him to $50,000 for his work as Distribution Agent.[6]  (November 28,

10   2018 Order, ¶ 4.)

11        On January 29, 2019, the Court entered the Order re (1) Distributions From

12   Distribution Agent and (2) Clarifying Role of Distribution Agent ("January 29,

13   2019 Order") (Dkt. No. 194).  Contrary to Mosier's misrepresentation that the

14   parties stipulated to the January 29, 2019 Order due to "inconsistencies that were

15   reported" in the November 28, 2018 Order (Motion at 5:10-13), the January 28,

16   2019 Order touched upon the November 28, 2018 Order only to reiterate issues

17   that were obvious to every other party in this action.  (*See, e.g.*, January 29, 2019

18   Order, ¶¶ 4 ("Mosier shall not participate in the management or operation of Home

19   Paradise Investment Center LLC in any manner"); 5 ("Mosier shall turn over any

20   and all responsibility for the lease for GH Design Group, LLC's Ontario,

21   California warehouse, including all subleases to Ms. Chen"); 6 ("Except as

22   authorized [by the November 28, 2018 Order, Mosier] shall not participate in the

23   management or operation of GH Investment LP or GH Design Group, LLC in any

24   manner.").)

25

26   _____

     [6] The November 28, 2018 Order provides that the Court may increase this amount

27   "[u]pon noticed application by the Distribution Agent."  (November 28, 2018
     Order, ¶ 4.)  Mosier does not appear to request an increase under this provision in

28   his Motion.

GARTENBERG GELFAND HAYTON LLP
A LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

**OPPOSITION OF DEFENDANTS EDWARD AND JEAN CHEN TO MOTION OF "FIDUCIARY" FOR
FINAL ACCOUNT & REPORT AND ADDITIONAL FEES**

LEGAL_US_W # 97597365.7

## III.   ARGUMENT

Mosier's Motion should be denied.  Here, Mosier seeks an additional $39,949.96 (on top of the already $667,619.87 he has been paid) for work as Receiver after he was explicitly removed from that position by the Court's November 28, 2018 Order.[7]  Mosier provides no authority—from the Court's prior Orders, statute, or otherwise—to support his Motion.  Indeed, the Motion suffers from numerous procedural deficiencies and other inequities that weigh heavily against granting the Motion.

### A.   Mosier Lacks Authority to Perform the Actions for Which He Now Seeks Compensation[8]

Granting this motion would contravene the Court's prior orders.  The Court has already determined that Mosier should (1) work only as Distribution Agent following November 28, 2018 and (2) be awarded no more than $50,000 for such work.  Granting Mosier's Motion would not only reward him for work performed outside his circumscribed authority as Distribution Agent, but also allow him more than the $50,000 he has been allotted.  Such a result would fly in the face of the Court's November 28, 2018 and January 29, 2019 Orders.

Despite the Court's clear Orders, Mosier continues to stray from his narrow role as Distribution Agent.  Mosier seeks monies for work performed following the November 28, 2018 Order in his Motion.  (*See* Motion at 2:1-3 ("The motion also seeks approval of final fees and costs for the Fiduciary and his staff for December

---

[7] The Chens do not agree with Mosier's purported contributions and challenges detailed in his Motion presumably trying to justify these prior fees and costs.  The $667,619.87 was already awarded and accordingly any debate about them is now irrelevant.  Moreover, Mosier's listing of these in his Motion was an improper attempt to assert as "facts" allegations against the Chens, which were and are totally irrelevant to the pending claim for $39,949.96 in fees and costs.  This claim is itself excessive even if it were for authorized work.

[8] Mosier also lacks any authority and/or right to the various forms of relief requested in the Proposed Order filed with the Motion.  As the Motion focuses only on the FAR and Mosier's fee request, the Chens address those issues here. See Section III.D., *infra,* for a more thorough discussion of the other forms of relief requested by Mosier.

GARTENBERG GELFAND HAYTON LLP
A LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

2018 through January 2019 . . . .").)  But the work for which Mosier seeks compensation has nothing to do with his duties as Distribution Agent, which is the *only* role he was authorized to perform after November 28, 2018.  (*See* Motion at 6:1-6 (listing "the Distribution Agent's future fees of $50,000" as separate from the fees sought in the Motion); 6:20 – 7:21 (listing work performed by Mosier and related timekeepers).)  Clearly, Mosier was neither Monitor nor Receiver when he performed these actions described in the Motion.  He should not be rewarded for this unauthorized conduct as he seeks in his Motion, especially when doing so would only enrich him beyond the $50,000 allowed for his work following November 28, 2018.

Nor should the court "approve" the FAR filed by Mosier.[9]  Throughout this action, the Court granted Mosier authority only as carefully detailed in stipulations followed by Court orders.  Nothing in *any* of the orders relevant to Mosier's role in this action authorized him to prepare the report he filed here.  And, even if they had, the November 28, 2018 Order explicitly terminated his prior powers and duties.

### B.  28 U.S.C. § 3103 Does Not Support the Requested Relief

Despite Mosier's statement that the "[M]otion is made pursuant to 28 U.S. Code § 3103(g)(1) − (3)," this statute neither obligates Mosier to perform any action outside of his Court-appointed role as Distribution Agent, nor supports his request for compensation for work performed as Receiver or Monitor after his termination from these roles.  Even if *arguendo*, Mosier had authority under Section 3103(g)(3)[10] to do anything, it was limited to preparing a final accounting of receipts and disbursements to be submitted to the Court and the parties of record

---

[9] *See* Section III.C, *infra,* for further discussion on the unintelligible nature of Mosier's requests in the Motion.

[10] 28 U.S.C. §3103(g)(1) and (2) are irrelevant to this analysis.

9

GARTENBERG GELFAND HAYTON LLP
A LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

in the litigation.  Such a document amounts to little more than the two pages contained in his Exhibit B.

Indeed, Mosier's FAR appears wholly non-compliant with this statute.  28 U.S.C. § 3103(g)(3), merely states that "[a]t the termination of a receivership, the receiver shall file a final accounting of the receipts and disbursements and apply for compensation setting forth the amount sought and the services rendered by the receiver."  The purported FAR that Mosier included with the Motion extends far beyond the "receipts and disbursements" of 28 U.S.C. § 3103(g)(3), as it contains numerous unsubstantiated allegations about the facts of the case and conduct of Defendants, including those outside of the prior Receivership Entities.  (See Notice of Motion:  Fiduciary's Final Account and Report (Dkt. No. 195-2).)  In addition, Mosier has sent this FAR to dozens, if not hundreds, of individuals and entities beyond the Court and the parties to this action.  28 U.S.C. § 3103(g)(3) provides no basis for this action.

Mosier's FAR contains factual allegations to entities and individuals outside the Receivership Entities.  Pursuant to the January 11, 2018 Order Mosier was a receiver only for two entities:  GH Investment LP and GH Design Group, LLC. He was a "Monitor" for the remaining entity defendants.  Mosier did not limit his FAR to the Receivership Entities as provided by the statute.

In addition, Mosier did not limit his report to accounting for "receipts and disbursements."  Had he done so, the report could have simply consisted of the two pages in Exhibit B.  Given Mosier's continuing obligation to keep written accounts itemizing receipts and expenditures (*see, e.g.*, 28 U.S.C. § 3103(d)) and his repeated status reports doing so to the Court, it is hard to imagine that any FAR could have incurred anything more than a nominal bookkeeping cost.  Mosier's FAR extends far beyond the "receipts and disbursements," as it contains numerous unsubstantiated allegations about the facts of the case and conduct of Defendants.

GARTENBERG GELFAND HAYTON LLP
A LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

LEGAL_US_W # 97597365.7

Finally, Mosier has no grounds to request "compensation . . . rendered by the receiver."  Mosier had already received any such compensation prior to filing the FAR.  Indeed, the Chens already agreed that Mr. Mosier may pay himself $53,882.56 for his work prior to the November 28, 2018 Order.  (*See* January 29, 2019 Order, ¶ 7.)  This payment satisfied any possible monies owed to Mosier for his work as Monitor and/or Receiver.  If Mosier believed he was truly entitled to compensation for preparing a simple "final accounting of the receipts and disbursements," such compensation would be severely limited.  Again, such an accounting is covered in full on the two-page Exhibit B Mosier filed with the Motion.  Because the only substantive work arguably necessary was an update on receipts and disbursements, which Mosier tracked throughout his time as Monitor/Receiver and frequently reported to the Court.  This work could have been done by one bookkeeper is a few hours—not <u>eight</u> billers for 227.8 hours plus $1,456.96 in costs.  (*See* Motion at 6:20 – 7:17; 7:18-21.)

### C. Mosier's Request that the Court "Approve" the FAR is Unintelligible and Unfair

Mosier's Motion asking that the Court "approve" the FAR (Notice, 1:27) (Dkt. No. 195) is unintelligible and grossly unfair to the Chens.  The concept of "approval" is extremely unclear in this context.[11]  As a practical matter, Mosier has already sent the FAR to numerous persons who are not parties to this litigation, so he cannot be seeking approval for that unauthorized action.  Nor can Mosier realistically be asking the Court to make factual findings without evidence for a case that has already been settled and judgment entered.  Whatever Mosier means by seeking the Court's approval, there is no statute or order cited which would provide any authority for this.

---

[11] What does approval mean in this context?  Is he asking the Court to confirm the accuracy of the report?  If so, what part?

GARTENBERG GELFAND HAYTON LLP
A LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

GARTENBERG GELFAND HAYTON LLP
A LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

1    Perhaps most egregiously, the Chens are prohibited from defending

2  themselves against Mosier's inflammatory and unsupported factual allegations due

3  to the terms of their settlement with the SEC.  The SEC required that Defendants

4  who accepted the settlement without admitting or denying nonjurisdictional

5  allegations, as the Chens did, be limited in their ability to respond to allegations

6  like Mosier's.[12]  17.C.F.R. §202.5(c) provides in part that it is the SEC's policy

7  "not to permit a defendant or respondent to consent to a judgment or order that

8  imposes a sanction  while denying the allegations in the complaint or order for

9  proceedings . . . ."

10    Mosier's FAR includes numerous unsubstantiated factual allegations that

11  may overlap with "the allegations in the complaint or order for proceedings."  If

12  the Chens defend against these allegations, including by offering evidence to

13  contradict them, they risk reprisal by the SEC that could undermine their

14  settlement.  This no-win situation has only been exacerbated by Mosier, who not

15  only filed these unfair allegations with the Court, but also widely publicized by

16  sending them to numerous parties including investors, third parties, and even

17  Golden Galaxy Project sub-contractors.[13]  Given that Mosier lacked authority to

18  even *make* these inflammatory, unproven accusations, it stands beyond reason that

19  he should be allowed to transmit them directly to hundreds of people.

20    Mosier's irresponsible actions have already had deleterious consequences

21  not only for the Chens personally, but also the Golden Galaxy Project.  Indeed,

22  Mosier has placed the success of the Golden Galaxy Project in jeopardy.  (*See*

23  Declaration of Jean Chen ("Chen Decl."), filed concurrently with this Opposition,

24  ¶ 3.)  As a direct consequence of Mosier's actions, certain Golden Galaxy Project

25  sub-contractors  have  refused  to  continue  the  work  necessary  to  complete

26

27  [12] This is customary with the SEC's negotiated settlements.
[13] Mosier has doubled-down on his irresponsible conduct by unilaterally translating
28  his FAR into Chinese and serving it not only on EB-5 investors in the Receivership
Entities, but also the Monitorship Entities.

**OPPOSITION OF DEFENDANTS EDWARD AND JEAN CHEN TO MOTION OF "FIDUCIARY" FOR
FINAL ACCOUNT & REPORT AND ADDITIONAL FEES**

LEGAL_US_W # 97597365.7

1  construction. (*Id.*, ¶¶ 3-4.) In addition, Mosier's FAR will likely increase the costs

2  of insurance for the Golden Galaxy Project. (*Id.*, ¶ 5.) All Mosier has done by

3  sending out the FAR is confuse investors, vendors, and sub-contractors about the

4  viability of the Golden Galaxy Project, which, in turn, has increased the risk that

5  the Golden Galaxy Project will be delayed or not be completed. (*Id.*, ¶¶ 6-7.)

6  Mosier's FAR, like many of his prior efforts in this action, is a vain, self-

7  serving attempt to justify his activities and bills. Following the settlement in

8  November 2018, Mosier appears now to rely on unproven, inflammatory

9  allegations to wring any monies he can from Defendants. More insidiously, it

10  appears that Mosier widely distributed his Motion and FAR in some attempt to try

11  to bar future claims against him by third parties. Although not part of any Notice

12  of Motion filed by Mosier, he has included in his Proposed Order, among other

13  things, a release of all claims and liabilities as to Mr. Mosier and his unidentified

14  agents, employees, independent contractors, attorneys, and representatives.

15  Mosier's actions here provide no conceivable benefit to the estate it purports

16  to protect. Mosier has only sowed confusion and interfered with the Chens' ability

17  to complete the Golden Galaxy Project and satisfy their financial obligations

18  pursuant to the settlement. Mosier's recent actions have done nothing more than

19  waste the parties' time and money—not to mention the Court's limited resources—

20  in a settled case in which all potentially aggrieved parties will be made whole.

21  **D.  Mosier's Motion Is Procedurally Defective**

22  Local Rule 7-4 provides, "[t]he Court may decline to consider a motion

23  unless it meets the requirements of L.R. 7-3 through L.R. 7-8." As set forth below,

24  Mosier's motion fails to comply with at least four of these Local Rules and

25  therefore should not be considered.

26

27

28

GARTENBERG GELFAND HAYTON LLP
A LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

OPPOSITION OF DEFENDANTS EDWARD AND JEAN CHEN TO MOTION OF "FIDUCIARY" FOR
FINAL ACCOUNT & REPORT AND ADDITIONAL FEES

LEGAL_US_W # 97597365.7

### 1.      Mosier Failed to Comply with Pre-Filing Conference Requirements of L.R. 7-3

Subject to inapplicable, limited exceptions, Local Rule 7-3 requires a conference prior to filing motions at least seven days before filing a motion.  The Local Rule requires a statement of compliance in the notice.  This was not done here.  The omission had significant, if not irreparable consequences.  Had a conference been held in which Mosier clearly indicated his intention to file and serve this Motion on hundreds of people, perhaps the confusion and difficulties caused by that could have been avoided.  At the least, counsel for the real parties to this litigation would have had an opportunity to seek *ex parte* relief.

### 2.      Mosier Failed to Comply with the Notice Requirements of L.R. 7-4

Local Rule 7-4 requires that each motion shall include a notice of motion, which "shall contain a concise statement of the relief or Court action the movant asks."  Here Mosier has filed a confusing three separate Notices of Motion (*See* Dkt. Nos. 195, 195-2, and 197.)  The first Notice (Dkt. No. 195) asks the Court to "approve" the FAR (without explaining what that means) along with certain fees and costs already incurred or to be incurred in the future.  The second Notice (Dkt. No. 195-2) refers solely to approving the FAR and the third Notice (Dkt. No. 197) "to EB-5 investors" only describes itself as, "the notice of the Fiduciary's Final Account and Report ("FAR") translated into simple Chinese."

None of these Notices include the real issues Mosier deceptively includes in his Proposed Order, which seeks, among other things:  (1) authority to transfer or *destroy* relevant documents; (2) a release of all claims and liabilities as to Mr. Mosier and his unidentified agents, employees, independent contractors, attorneys and representatives; and (3) some ill-defined additional release from liability for "actions taken in good faith."  None of these requests are properly before the Court and therefore should not be considered.

14

GARTENBERG GELFAND HAYTON LLP
A LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

GARTENBERG GELFAND HAYTON LLP
A LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

**3.     Mosier Failed to Comply with the Briefing Requirements of L.R. 7-5**

Local Rule 7-5 requires that every motion include a brief but complete memorandum including the supporting authorities.  Mosier's Motion offers no argument or supporting authorities for the relief sought in his proposed order other than citing to purported statutory authority for filing a FAR.  Accordingly, the additional relief sought in the proposed order (authority to destroy and for liability releases) should not even be considered.

The forms of relief requested by Mosier implicate important legal issues that must be decided, if at all, upon properly noticed motions.  Here, Mosier seeks to limit the scope of his potential liability before a plaintiff even raises a claim.  But such an unsupported pre-claim release is inappropriate, given that claims may present difficult issues that should be decided on the facts of a particular claim.  For example, it has been noted that a receiver can be personally liable for a failure to exercise ordinary care and prudence.  *In re Still*, 963 F.2d 75, 77 (5th Cir. 1992).  Even where courts have noted a qualified immunity from personal liability, it has been limited to actions taken within the receivership authority.  *See, e.g.*, *Morrison-Knudsen Co. v. CHG Int'l, Inc.*, 811 F.2d 1209, 1223 (9th Cir. 1982).  Mosier's proposal for a release not only of himself but extended to unidentified agents, employees, independent contractors, attorneys and representatives makes the issue even more problematic, and less appropriate for pre-claim release.

**4.     Mosier Failed to Comply with the Evidentiary Requirements of L.R. 7-6**

Local Rule 7-6 requires that factual contentions involved in any motion and opposition to motions shall be presented, heard, and determined upon declarations and other written evidence alone, except that the Court may, in its discretion, require or allow oral examination of any declarant or any other witness.  The Motion includes a number of factual allegations asserting wrongdoing by the

15

1   Defendants (*see* Motion 3:3-9 and 4:9-23), but fails to provide supporting evidence

2   for any allegation.  Many of these allegations went well beyond anything alleged

3   by the SEC.  Mosier was not authorized to opine on these matters, let alone make

4   these accusations in an unsolicited, unauthorized and unsupported memorandum.[14]

5        Tellingly, instead of providing a sworn statement under penalty of perjury,

6   Mosier avers nothing more than that his declaration "was signed by me on the 31[th]

7   [sic] day of January 2019 in Costa Mesa, CA."  This tautological oath provides no

8   statement of the veracity of anything.  Indeed, it appears starkly at odds with L.R.

9   7-6's requirement that factual contentions to be supported by declarations and

10  other written evidence.

11  **IV.   CONCLUSION**

12       For the foregoing reasons, Mosier's Motion should be denied.[15]

13

14  Dated: March 11, 2019       GARTENBERG GELFAND HAYTON LLP

15                   By:   */s/ Edward Gartenberg*

16                      Edward Gartenberg

17                      Milena Dolukhanyan
                    Attorneys for Defendant

18                      EDWARD CHEN

19  Dated: March 11, 2019       PAUL HASTINGS LLP

20                   By:   */s/ Nicolas Morgan*

21                      Nicolas Morgan

22                      Thomas A. Zaccaro
                    Attorneys for Defendant

23                      JEAN CHEN

24

25  [14] This should come as no surprise to Mosier given the Court's prior instruction that "it is the primary responsibility of the plaintiff in this action, and not the

26  Receiver, to engage in discovery concerning defendants' assets and activities." (Oct. 4, 2017 Civil Minutes (Dkt. No. 20).)

27  [15]   As stated previously, the Chens have no objection to Mosier submitting to the

28  Court a FAR consisting of Exhibit B of the Motion as this document provides an updated accounting for receipts and disbursements.

GARTENBERG GELFAND HAYTON LLP
A LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

**OPPOSITION OF DEFENDANTS EDWARD AND JEAN CHEN TO MOTION OF "FIDUCIARY" FOR
FINAL ACCOUNT & REPORT AND ADDITIONAL FEES**

LEGAL_US_W # 97597365.7