Robert P. Mosier
Craig M. Collins, CPA
MOSIER & COMPANY, INC.
3151 Airway Avenue, Suite A-1
Costa Mesa, California    92626
Telephone:    (714) 432-0800
Facsimile:    (714) 432-7329
E-Mail:   Rmosier@Mosierco.com

Court Appointed Receiver and Monitor ("Fiduciary")

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>EDWARD CHEN,<br>JEAN CHEN,<br>HOME PARADISE INVESTMENT CENTER, LLC,<br>GH INVESTMENT LP,<br>GH DESIGN GROUP, LLC,<br>GOLDEN GALAXY, LP AND<br>MEGA HOME, LLC,<br><br>Defendants. | Case No: CV 17-6929 PA (JEMx)<br>Assigned for all purposes to the Honorable Percy Anderson<br><br>**RESPONSE TO OBJECTION TO THE FIDUCIARY'S FINAL ACCOUNT & REPORT & REQUEST TO PAY FINAL FEES & COSTS.   DECLARATION OF THE FIDUCIARY.**<br><br>Date:    April 8, 2019<br>Time:    1:30 PM<br>CTRM:   9A, 350 W. 1st ST. LA |

Robert P. Mosier in his role as Receiver for GH Investments LP ("GHI") and related entities and as Monitor for Home Paradise Investments Center, LLC Golden Galaxy LP and Mega Home, LLC ("GG-80") and related entities (collectively "Fiduciary"), respectfully presents this response ("response") to the objections filed by Defendants Jean and Edward Chen regarding the Fiduciary's Final Account and Report ("FAR").

The response has four sections: *A. Overview of the Case; B. The Mandate of the U.S. Code; C. Expanded Discussion; and D. Summary.*

## A. OVERVIEW OF THE CASE

1. <u>Filing the Complaint</u>: The Securities and Exchange Commission ("SEC") filed its complaint in mid-September 2017 against the Defendants alleging fraudulent conduct and violation of federal securities laws in connection with two separate EB-5 projects sponsored by the U.S. Citizenship and Immigration Service: GHI was an alleged home remodeling center and warehouse; and GG-80, is an eighty-unit condo construction project in Koreatown.

2. <u>Initial Appointment of the Receiver</u>: On September 20, 2017, the Court appointed Robert P. Mosier as interim Receiver over the Defendants and their various entities. At the preliminary injunction hearing and by stipulation between the SEC and the Defendants, the Receiver was confirmed as the Permanent Receiver over GHI and as the Monitor over most of the other entities.

3. <u>Settlement</u>: On November 28, 2018 (DK 189) the SEC and the Defendants settled the matter (the "November 28th settlement") by the Defendants consenting, on a neither admit nor deny basis, to the imposition of permanent injunctions against them, enjoining their future violation of the federal securities laws alleged in the complaint, and ordering them to pay, on a joint and several basis, $24,655,000 in disgorgement, together with prejudgment interest of $1,173,098, for a total of $25,828,098. Defendants Edward and Jean Chen each were further ordered to pay a civil penalty in the amount of $1,077,500. All of the filings in this case, including Defendants' consents and judgments, are part of the Court's docket and all are available to the public. These developments (the foundation for the settlement) typically create important disclosures for the FAR and notice.

4. <u>Redirection of the Fiduciary</u>: The November 28th settlement redirected the Fiduciary to no longer be a monitor or receiver. Instead, the Fiduciary was assigned the task of Distribution Agent to first receive the proceeds from the sale of the GG-80 condos and later disburse the funds to the victims with 100% restitution including interest and administrative fees (activities that may occur in the future – late 2019 through 2020).

## B. THE MANDATE OF U.S. CODE

5. <u>28 U.S. Code §3103(g)(1)–(3)</u>. This code section dictates that a Receiver "shall" file a final accounting and seek payment of final fees. The November 28 settlement is silent on this issue. While the Fiduciary is redirected to be a Distribution Agent, there is no conflict or prohibition to prepare, file and notice the FAR. The FAR notice is required to put all who did business with the Fiduciary on notice that he is seeking dismissal and surrender of funds. If a vendor or party has a problem, it must be raised in concert with the FAR hearing; otherwise, no objection equals res judicata.

6. <u>Payment of Fees</u>: Since the U.S. Code requires a Fiduciary to file a FAR, surely it is anticipated that the Fiduciary should be compensated for his efforts. In over 635 court appointments over the past 35 years, FARs have always been filed at the conclusion of a court-appointed assignment and reasonable fees have routinely been approved and ordered paid. In this case, the fees sought are $39,949.96 with a blended hourly rate of $168.98. The fees as a percent of cash held is 0.5% or one half of one percent. Recall that the Fiduciary is currently holding roughly $7.5 million.

7. <u>Detail of the Fees</u>: The FAR presents an overview and detailed timeslips of activities for December 2018 to the end of the required Fiduciary tasks. Fees were incurred to prepare 2018 tax related items including 1099s for which the Fiduciary is personally responsible. Preparing a detailed accounting, the report and notices account for the rest of the fees.

8. <u>Preservation of the Distribution Agent's Set Aside</u>: The $50,000 set aside is for the Distribution Agent's future fees and not to be used to pay fees to conclude the Fiduciary's duties as a receiver/monitor. The future activities of the Distribution Agent will commence once monies are being received from the GG-80 condo sales in late 2019 through 2020.

## C. EXPANDED DISCUSSION

9. <u>Scope of the Notice to the Contested Monitor Entities</u>: The Fiduciary followed standard protocol to notice the FAR: (a) all 45 investors in the two EB-5 projects, (b) all who received payment from either the Receiver or Monitor and (c) interested parties. For just the entities with monitor oversight, 772 checks totaling $3.3 million were issued to 186 entities. The 186 recipients include vendors, employees and subcontractors. The Monitor issued several hundred checks at the request of the Defendants because the Defendants were unable to open bank accounts for the GG-80 entities and the construction lender frequently held funds. Without these Monitor payments, the GG-80 project would have stalled. With notice of the FAR, the Monitor's liability is capped with res judicata as described above.

10. <u>Discussions and Meeting with Defense Counsel</u>: In addition, the Defendants and their counsel cannot be surprised by the Fiduciary's filing of a FAR and his request for compensation for filing that report and for concluding his activities as a receiver/monitor in this case. In late December and early January, it was repeatedly discussed in both emails and in telephone conversations with defense counsel and counsel for the SEC that it was the Fiduciary's intention to file a FAR, as required by statute. The SEC concurred in the Fiduciary's position that a FAR was required to be filed, as it is in every case involving the appointment of a receiver. As such, it is inaccurate to state that the parties did not meet and confer on this issue prior to the filing of the FAR. See email chain attached as Exhibit "A."

## D. SUMMARY

11. **FAR and Fees:** The FAR is mandated by 28 U.S. Code §3103(g)(1)–(3). Correspondingly, the Fiduciary is entitled to be paid fees for the preparation of the mandated FAR.

12. **Notice:** Proper procedure/protocol requires that those who did business with the Fiduciary receive notice of these proceedings in order to allow them to bring forward any claims or in the alternative, such claims are barred in the future under the concept of res judicata.

**Amended Prayer:** For all of these reasons, your Fiduciary requests that the Court overrule the objections and approve the FAR and fee request as presented.

Date:   March 14, 2019

*[signature]*

_____
Robert P. Mosier, Fiduciary

## DECLARATION OF THE FIDUCIARY

I, Robert P. Mosier, declare and affirm as follows; I am the duly appointed Receiver/Monitor ("Fiduciary") in the above matter. I have firsthand knowledge of the facts and figures recited herein.

I have personally prepared this response to the objections filed by Defense Counsel. The facts and circumstances described herein are accurate to the best of my knowledge and belief.

I declare that this declaration was signed by me on the 14th day of March 2019 in Costa Mesa, CA.

_____
Robert P. Mosier,
Fiduciary

EXHIBIT "A"

7

## Robert Mosier

| | |
|---|---|
| **From:** | Searles, Donald <SearlesD@sec.gov> |
| **Sent:** | Tuesday, January 15, 2019 12:24 PM |
| **To:** | Morgan, Nicolas; Robert Mosier |
| **Cc:** | Edward Gartenberg; Milena Dolukhanyan |
| **Subject:** | RE: Stipulation for Distributions from Distribution Agent |

Nick,

Stripped of the additions, I think the intent of this stip becomes misleading.  The final sentence, "Mr. Mosier's ongoing role in this matter [sic] limited to the powers and duties of Distribution Agent as explicitly provided in the Distribution Order," does not accurately set forth the SEC's position.  I agree with Bob, that a final report is necessary per 28 USC 3013(g), and there is the issue of the tax returns.  Perhaps you can speak to your clients so that we have a comprehensive understanding of Bob's limited role going forward, and a stipulation that reflects that comprehensive agreement.

Don

**From:** Morgan, Nicolas [mailto:nicolasmorgan@paulhastings.com]
**Sent:** Monday, January 14, 2019 4:12 PM
**To:** Searles, Donald; Robert P. Mosier (rmosier@mosierco.com)
**Cc:** Edward Gartenberg; Milena Dolukhanyan
**Subject:** Stipulation for Distributions from Distribution Agent

Thanks, Don and Bob.

I wanted to limit this stip/order to the three issues we agree on right now.  With that in mind, I've stripped out the additions about the FAR and taxes, which we need to discuss further with our clients.

Please let us know your thoughts on the streamlined attachment.

In the meantime, I'll have a look at Bob's numbers on the expenses relating to the taxes and FAR and circle back.

Oh, and a point of clarification:  what should happen to the small remainder of funds left in the Home Paradise account after Tzeng is paid?

Thank you,

Nick



**Nicolas Morgan** | **Partner**
Paul Hastings LLP | 515 South Flower Street, Twenty-Fifth Floor, Los Angeles, CA 90071 | Direct: +1.213.683.6181 | Main: +1.213.683.6000 | Fax: +1.213.996.3181 | nicolasmorgan@paulhastings.com | www.paulhastings.com

1

EXHIBIT A 7

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is:

> Mosier & Company, Inc.
> 3151 Airway Avenue, Suite A-1, Costa Mesa CA 92626
> Telephone No. (714) 432-0800; Facsimile No. (714) 432-7329

On March 14, 2019 I caused to be served the documents entitled **FIDUCIARY'S RESPONSE TO OPPOSITION TO THE FAR** on all the parties to this action addressed as stated on the attached service list:

☐ **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this company's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐ **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Costa Mesa, California, with first class postage thereon fully prepaid.

☐ **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Costa Mesa, California, with Express Mail postage paid.

☐ **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒ **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐ **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: March 14, 2019

_Kristina Godinez_
Kristina Godinez