DONALD W. SEARLES, (Cal. Bar No. 135705)
Email: searlesd@sec.gov
JUNLING MA (Cal. Bar No. 213241)
Email: maj@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
John W. Berry, Associate Regional Director
Amy Jane Longo, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>EDWARD CHEN, JEAN CHEN, HOME PARADISE INVESTMENT CENTER LLC, GH INVESTMENT LP, GH DESIGN GROUP, LLC, GOLDEN GALAXY LP, AND MEGA HOME, LLC,<br><br>Defendants. | Case No. 2:17-cv-06929-PA-JEM<br><br>**STATEMENT OF PLAINTIFF SECURITIES AND EXCHANGE COMMISSION IN SUPPORT OF FIDUCIARY'S MOTION FOR APPROVAL OF FINAL ACCOUNTING AND REPORT AND REQUEST FOR COMPENSATION** |

## I. INTRODUCTION

Plaintiff Securities and Exchange Commission ("SEC"), pursuant to the Court's Order dated March 28, 2019, hereby submits this statement in support of Robert P. Mosier's Motion for Approval of Final Accounting and Report and Request for Compensation. *See* Dkt. Nos., 195, 201. Pursuant to the Court's Order, the SEC also submits a proposed order granting Mosier's motion.

Defendants Edward and Jean Chen object to Mosier's motion, contending that once his position as receiver/monitor was terminated and he was appointed as the distribution agent by Order of the Court dated November 28, 2018 (*see* Dkt. No. 189), he was precluded from preparing, filing or seeking approval of a final accounting and report, or from acting or seeking compensation in any capacity other than as a distribution agent. Dkt. No. 199. Defendants' position – which the parties discussed in late December 2018 and early January 2019 but could not resolve – betrays the Chens' fundamental misunderstanding of the duties, obligations, and potential liabilities of court-appointed receivers. Receivers are required by statute to file a final accounting and report following the termination of the receivership and, under the Central District Local Rules, are required to provide notice of the hearing on the final report and application for fees not only to the parties in the action, but to defendants' creditors and other potential claimants as well. Accordingly, Mosier's activities in connection with the final accounting and report and other acts to close out the receivership, such as the preparation of tax returns, were entirely appropriate and for which he is entitled to be compensated.

## II. THE SEC'S POSITION

Mosier submitted his Final Accounting and Report to the Court pursuant to 28 U.S.C. § 3103 (g)(3), which provides that "[a]t the termination of a receivership, the receiver ***shall*** file a final accounting of the receipts and disbursements and apply for compensation setting forth the amount sought and the services rendered by the receiver" (emphasis added). "In the construction of statutes, 'shall' is usually given

its common meaning of "must." It is interpreted as implying a command or mandate." *United States v. Johnson*, 941 F.2d 1102, 1111 (10th Cir. 1991) (citations omitted); *accord Anderson v. Yungkau*, 329 U.S. 482, 485 (1947); *Vietnam Veterans of Am. v. CIA*, 811 F.3d 1068, 1082 (9th Cir. 2016). Accordingly, Mosier's decision to file a final accounting upon the termination of his role as receiver in this action was entirely appropriate; indeed, it was commanded by statute.

The fact that Mosier's final accounting was filed shortly after the termination of the receivership, and during the period of his appointment as the distribution agent, was also entirely appropriate and not unusual. Section 3103(g)(3) states that a final accounting shall be filed "at the termination of a receivership," not before. As such, it is typical that the filing of such a report occurs shortly after the termination of the receivership. *See, e.g., U.S. Bank v. CB Settle Inn Ltd. P'ship*, 827 F. Supp. 993, 1009 (S.D. Iowa 2001) (requiring receiver to file a final accounting within sixty (60) days of termination of receivership).

Lastly, "[a] receiver appointed by a court who reasonably and diligently discharges his duties is entitled to be fairly compensated for services rendered and expenses incurred." SEC v. *Striker Petroleum LLC*, No: 3:9-CV-2304-D, 2012 U.S. Dist. LEXIS 27798, 2012 WL 68533, at *2 (N.D. Tex. Mar. 2, 2012) (quoting *SEC v. Byers*, 590 F. Supp. 2d 637, 644 (S.D.N.Y. 2008). This includes fees and expenses incurred for professional services, including the fees of the receiver. *See, e.g., SEC v. W.L. Moody & Co., Bankers (Unincorporated),* 374 F. Supp. 465, 484-86 (S.D. Tex. 1984), *aff'd*, 519 F.2d 1087 (5th Cir. 1975). Additionally, "opposition or acquiescence by the SEC to the fee application is given great weight." *SEC v. Byers*, 590 F. Supp. 2d at 64 (quoting *SEC v. Fifth Ave. Coach Lines, Inc.*, 364 F. Supp. 1220, 1222 (S.D.N.Y 1973)).

The SEC respectfully submits that Mosier's request for compensation is fair and reasonable. Notwithstanding defense counsels' *ad hominem* attack on Mosier's character, conduct and fees in this case, in the final analysis the Court has approved

all of Mosier's interim fee requests, and it should do the same with respect to his final request for compensation. *See* Dkt. Nos. 97, 139, 160, 166, 192. Notably, neither Edward Chen nor his codefendant Jean Chen filed an opposition to any of Mosier's interim fee requests.[1]

Mosier has collected, to date, net cash of over $7 million dollars through the sale of various receivership properties and has been instrumental in securing new financing for the completion of the Golden Galaxy condominium project and monitoring its progress. It is anticipated that the receivership estate available for distribution will exceed $27 million dollars, making Mosier's total fees of approximately $700,000 (inclusive of his final fee request of $39,949.96) as a receiver in this action less than 3% of the total. Such fees are a fraction of most other fee awards in SEC receiverships. *See, e.g., Striker Petroleum*, 2012 U.S. Dist. LEXIS 27798 at *23-24 (collecting cases).

The SEC submits that the work Mosier and members of his team performed in December and January in closing out the receivership was necessary and appropriate, and that the fees associated with that work were fair and reasonable. *See* Dkt. No. 195, Exs. D & E. *See, e.g., In re China Vill., LLC*, 2012 U.S. Bankr. LEXIS 105, at * 21 (N.D. Cal. Jan. 4, 2012) (receivers are obligated to pay all taxes on real property in their possession which fall due during the time they are in possession as receivers).

Furthermore, it was entirely appropriate for Mosier to provide a summary of his activities to date in connection with his administration of the receivership estate in justification of his request for compensation. *See, e.g.*, *Striker Petroleum*, 2012 U.S.

[1] The Chens assert that it was agreed that Mosier's fees as distribution agent would be capped at $50,000, absent further order of the Court, because of "the extraordinary high fees and costs billed by Mosier throughout the case." Dkt. No. 199 at 7. Mosier's anticipated fees as distribution agent were set at $50,000 because it was a reasonable estimate of his anticipated fees, not as some sort of stipulated retribution for his fees as receiver/monitor, all of which the Court approved and to which the Chens never objected.

Dist. LEXIS 27798 at *15 ("[i]n general, a reasonable fee is based on all circumstances surrounding the receivership"). The fact that Mosier's activities and his court-approved forensic accountant confirmed the Chens' diversion of EB-5 investor funds to unauthorized purposes (all of which has been previously discussed in Mosier's interim reports and fee requests) provides no ground to deny his request for compensation. *See* Dkt. No. 199 at 10 (Chens complaining that Mosier's motion "contains numerous unsubstantiated allegations about the facts of this case and conduct of the Defendants").

It was also appropriate for Mosier to send his final accounting and report to all of the potential creditors of the receivership estate in order to allow them an opportunity to object and for Mosier, once the final report is approved by the Court, to obtain the benefit res judicata so as to preclude future claims against him by creditors of the estate. *See In re China Vill., LLC*, 2012 Bank. LEXIS 105 at *18 (claims based on receiver's mismanagement of estate precluded on res judicata grounds where claimant failed to object to receiver's final account); *Ramirez v. Obermaier,* No. 9 Civ. 7120 (RPP), 1992 U.S. Dist. LEXIS 16563at *26 (S.D.N.Y. Oct. 29, 1992) (res judicata precludes claims concerning receiver's activities where receiver's final report had been approved by the Court); *see also* U.S. Central District Local Rule 66-7 (requiring the receiver to give notice to all parties in the action and to all known creditors of the defendant of the time and place for hearing of reports of the receiver and applications for fees and expenses of the receiver and any other person appointed to aid the receiver).

Similarly, it is appropriate for Mosier to be authorized to pay the forensic accountant, RGL Forensics ("RGL"), its remaining balance of $7,450, which would bring RGL's total cost to $49,016, which is approximately 25% less than the $65,000 previously authorized by the Court for the retention of RGL. Dkt. Nos. 143, 198.

Lastly, the SEC submits that Mosier's Motion for Approval of Final Accounting and Compensation is procedurally proper. In December and January the

parties discussed Mosier's position that he was obligated by statute to file a final accounting and report upon the termination of the receivership, and that the SEC concurred in Mosier's position. *See* Dkt. No.202, Mosier Declaration, Ex. A. It should thus come as no surprise to defense counsel that Mosier filed a final accounting and request for compensation.

## III. CONCLUSION

For the foregoing reasons, the SEC respectfully submits that Mosier's Motion for Approval of Final Accounting and Compensation be granted.

Dated: April 8, 2019

*/s/ Donald W. Searles*
DONALD W. SEARLES
Attorneys for Plaintiff
Securities and Exchange Commission

**PROOF OF SERVICE**

I am over the age of 18 years and not a party to this action. My business address is:

U.S. SECURITIES AND EXCHANGE COMMISSION,
444 S. Flower Street, Suite 900, Los Angeles, California 90071
Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On April 8, 2019, I caused to be served the documents entitled **STATEMENT OF PLAINTIFF SECURITIES AND EXCHANGE COMMISSION IN SUPPORT OF FIDUCIARY'S MOTION FOR APPROVAL OF FINAL ACCOUNTING AND REPORT AND REQUEST FOR COMPENSATION** on all the parties to this action addressed as stated on the attached service list:

☐ **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐ **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐ **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐ **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐ **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☐ **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒ **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐ **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: April 8, 2019

*/s/ Joseph C. Law*
Joseph C. Law

***SEC v. Edward Chen, et al.***
**United States District Court—Central District of California**
**Case No. 2:17-cv-06929-PA-JEM**

**SERVICE LIST**

Nicolas Morgan **(served by CM/ECF)**
Thomas Zaccaro **(served by CM/ECF)**
PAUL HASTINGS, LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071
Email: nicolasmorgan@paulhastings.com
Email: thomaszaccaro@paulhastings.com
***Attorneys for Defendant Jean Chen***

Edward Gartenberg, Esq. **(served by CM/ECF)**
GARTENBERG GELFAND HAYTON, LLP
15260 Ventura Boulevard, Suite 1920
Sherman Oaks, CA 91403
Email: egartenberg@gghslaw.com
***Attorneys for Defendant Edward Chen***

Robert P. Mosier **(served by CM/ECF)**
MOSIER & COMPANY, INC.
3151 Airway Avenue, Suite A-1
Costa Mesa, CA 92626
Email: rmosier@mosierco.com
***Court-Appointed Receiver on behalf of the Entity Defendants***